## SMITH v. M'CAMPBELL.

Covenant on the general warranty in a deed. Averment, that at the time of the grant there existed a judgment against the grantor, by virtue of which the premises were sold on execution subsequently to the grant, and purchased by the grantor and others as partners, in the name of a trustee; and that afterwards, by an action of ejectment in the name of the trustee, the grantee was evicted. *Held,* that the assignment of the breach was sufficient on demurrer.

*Thursday,
November 16.*

ERROR to the *Washington* Circuit Court.

HOLMAN, J.—The plaintiff brought an action of covenant, setting forth in his declaration that the defendant, at *Charlestown,* in *Clark* county, by his indenture sealed, &c. granted, bargained, and sold to the plaintiff a certain lot of land in *Charlestown* aforesaid; and covenanted with the plaintiff, that he would warrant and forever defend the said lot from himself, his heirs, and all persons claiming under him, and also against the lawful claim or claims of all persons whatever. The breaches assigned are, that the defendant has not warranted and defended the said lot from the claim, &c. in this, that he suffered the plaintiff to be ejected, &c. by a title better than the title conveyed by the defendant as aforesaid. And in this, that he suffered the plaintiff to be ejected by persons claiming under the defendant. And in this, that the defendant in collusion with others ejected the plaintiff. And in this, that a judgment was obtained in the General Court in 1812, before the date of the

conveyance aforesaid, against the defendant and one *Joseph Brown;* that execution issued on the said judgment, and, after the conveyance by indenture aforesaid, the said lot was given up on said execution by the defendant as his property; and, at the sale, the defendant and others in the name of one *James Bigger* purchased the said lot, and in the name of *Bigger* procured the sheriff's deed therefor; and that *Bigger,* by an action of ejectment in the *Harrison* Circuit Court, ousted and evicted the plaintiff from the possession of the lot. The next and last breach sets forth the judgment in the General Court, and the sale of the lot on the execution, in nearly the same words; but states that the defendant, in partnership with others, purchased the lot at the sheriff's sale in the name of *Bigger* as trustee, and to him the conveyance was made; and in the name of *Bigger* as trustee, by a certain action of ejectment, evicted the plaintiff. To this declaration there were four pleas; on two of which issues were made up. To the other two the plaintiff demurred; and the Circuit Court, on the demurrer, decided that the declaration was insufficient to support the action, and gave judgment for the defendant.

The two pleas, to which the plaintiff demurred, were clearly inadmissible; and the only question is, as to the sufficiency of the declaration. Several of the breaches assigned are objectionable; but, in the two last, the title of *Bigger* by which the plaintiff was evicted is fully set forth, and shown to be paramount to the title conveyed by the defendant to the plaintiff. A doubt may arise on the manner of the eviction as shown in the first of these two breaches; it being by an action of ejectment in the *Harrison* Circuit Court, without showing by what authority that Court exercised jurisdiction over an action local to *Clark* county. But a removal of this doubt is unnecessary, inasmuch as we are warranted by the precedents in the opinion, that the eviction as specified in the last breach, is sufficiently certain (1). The Circuit Court, therefore, acted incorrectly in sustaining the demurrer against the declaration.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded to the Circuit Court, with directions to permit the defendant to withdraw his joinder in demurrer, and perfect his defence.

*Nelson,* for the plaintiff.

*Caswell,* for the defendant.

Nov. Term,
1820.

(1) Had the deed contained a covenant against incumbrances, the judgment stated had authorized a recovery, without alleging an *eviction*. On that covenant, however, nominal damages only are recoverable, unless the declaration aver a disturbance of the possession, or payment of the incumbrance. *Delavergne* v. *Norris*, 7 Johns. R. 358.—*Hall* v *Dean*, 13 Johns. R. 105.—*De Forest* v. *Leete*, 16 Johns. R. 122.—*Stanard* v. *Eldridge*, ibid. 254. On a covenant of warranty, or for quiet enjoyment, where the covenant is *general* against the interruptions of all persons, and the disturbance is by a stranger, the declaration must aver an *eviction* by a legal title inconsistent with the plaintiff's. *Wotton* v. *Hele*, 2 Will. Saund. 177, and 181, note 10.—2 Wheat. 62, note c.—2 Stark. Ev. 434. But the particulars of the title need not be set out, nor that the *eviction* was by legal process. *Foster* v. *Pierson*, 4 T. R. 617.—*Hodgson* v. *The E. I. Company*, 8 T. R. 278. If the covenant be *particular* against the interruption of the grantor, or some other specified person, the *eviction* by the person named need not be alleged to have been made under a legal title. 2 Will. Saund. 181, note 10.—2 Wheat. 62, note c.—*Patton* v. *Kennedy*, 1 Marsh. Ky. R. 389.—2 Stark. Ev. 434. On the covenant of seisin or right to convey, breaches may be assigned generally by negativing the words of the covenant, without stating any *eviction* or interruption. *Bradshaw's* case, 9 Co. R. 60.—2 Will. Saund. 181, note 10.—*Pollard* v. *Dwight*, 4 Cranch, 421, 430. —2 Wheat. 62, note c.

The above named covenants, with that for further assurance, have succeeded to the warranties contained in ancient feoffments. They relate to the land, and pass to the assignee. 4 Cruise on R. P. 80.—Sugd. Vend. 367. It is true, that it has been held in *New-York*, (*Livingston*, J. *dissentiente*,) that the assignee cannot sue on the covenant of seisin. *Greenby* v. *Wilcocks*, 2 Johns. R. 1. So also in *Massachusetts. Bickford* v. *Page*, 2 Mass. 455. But the law is settled otherwise in *England*. It is there held, that though the covenant of seisin is broken as soon as made, if the grantor be not seised; yet that the breach is a *continuing* one, and therefore the assignee may sue on this covenant as well as on the others. *Kingdon* v. *Nottle*, 4 M. and Selw. 53. As to the measure of damages for breaches of these covenants, vide *Lindley* v. *Lukin*, in this Court, *Nov*. term, 1823, post.—*Blackwell* v. *The B. of J. of Lawrence County*, in this Court, *May* term, 1828, post.—2 Wheat. 62, note c.