## POMEROY *v.* BURNETT.

Where a plea confesses the action, and does not sufficiently avoid it, the plaintiff may have judgment, if his declaration be good, *non obstante veredicto*.

If land, on which there is a mortgage, be sold with a covenant in the deed against incumbrances, the mortgage will be no defence to a suit for the purchase-money, if there has been no eviction of the defendant, nor payment by him of any part of the mortgage-debt.

ERROR to the *Parke* Circuit Court.

PERKINS, J.—Assumpsit upon a promissory note by *Burnett* for the use of *Thompson*, administrator of *Thompson*, deceased, against *Pomeroy*. The declaration contains two counts. There are four pleas going to both counts. 1. The general issue; 2. Fraud and 3. Failure of consideration generally; and, 4. A plea which states that the note in the counts in the declaration mentioned, being the same note in both counts, was given for the purchase-money of a certain tract of land described in the plea; that at the time of the execution of the note, a deed by the payee thereof, with covenants, was executed for said land to the defendant; that one of the covenants in the deed was, that the land conveyed was free from incumbrance; that at and before the execution of said deed, there was upon said premises an outstanding mortgage to *Charles Grant*, school-commissioner of *Parke* county, for the sum of 300 dollars, which was more than the land was worth; and that the mortgage was due and unpaid

at the commencement of the suit; wherefore the considera-
tion of the note had failed, &c.

Replication to the second plea denying the fraud generally,
and to the third and fourth pleas, that the consideration of
the note had not failed in manner and form, &c.

The cause was tried by the Court and the evidence is upon
the record. It was admitted upon the trial that *Thompson*
for whose use, as administrator, the suit was brought, was
such administrator; and it was proved that he was in the
possession of the note, and that it was the property of the
deceased, *Thompson*. The note was given in evidence. It
was also proved that the consideration of the note was the
purchase-money of the land described in the plea; that the
mortgage set forth therein was due and outstanding upon the
premises; but that the same were worth more than the
amount of the note and mortgage. The Court below, on
these facts, found for the plaintiff and gave him a judgment
for the amount of his note. The defendant moved for a new
trial, on the ground that the judgment was not warranted by
the evidence; but the Court overruled the motion, which is
the error complained of.

The counsel for the defendant below assume the following
grounds of objection to the judgment: 1. The evidence does
not show sufficient authority on the part of *Thompson* to
prosecute the suit. 2. The defendant's fourth plea is proved,
and as issue was taken on it, he is entitled to succeed whe-
ther it contains substantial matter of defence or not. 3.
That plea does contain substantial matter of defence. The
first ground of objection is not tenable. As to the second, it
is not true that the fourth plea is proved. It alleges the
amount of the mortgage to be more than the value of the
land. The proof is that the land is worth more than the
amount of the note and mortgage. Nor is it always true,
that the defendant is entitled to succeed on proof of a plea,
the matter of which constitutes no defence to the action,
even though issue be taken on it. In such a case, if the de-
claration show a good cause of action which the plea con-
fesses, it is the duty of the Court to render judgment *non ob-
stante veredicto*. 1 Chitt. Pl. 695.—9 Bingh. 532.—Arch.
Civ. Pl. 321, 2.—2 Arch. Pr. 261. The defendant is wrong

May Term,
1846.

in his third position. The fourth plea constitutes no defence to the action, and should have been demurred to. It is true that the mortgage is an incumbrance, and that its existence constituted an immediate breach of the covenant that the premises conveyed were free from incumbrance, but until eviction, or payment by the vendee of the incumbrance or some part thereof, but nominal damages accrue to him on account of the breach, and no defence arises to the recovery of the purchase-money. To this point the authorities are numerous. *Smith* v. *M'Campbell*, 1 Blackf. 100.—*Whisler* v. *Hicks*, 5 *id*. 100.—*Smith* v. *Ackerman*, *id*. 541.—4 Mass. 627.—20 Pick. 474.—11 S. & R. 109.—10 Ohio, 317.—10 Conn. 433.—10 Wend. 142.

*J. A. Wright* and *S. F. Maxwell*, for the plaintiff.

*W. P. Bryant*, for the defendant.