May Term,
1860.

HOLMAN
v.
CREAGMILES.

---

## HOLMAN *v.* CREAGMILES.

14  177
159  534

14  177
165  596

If in a suit by the assignee of a promissory note, the consideration for a part of which the note was executed, was an agreement to convey a valid and clear title to land, which was not complied with, there is a failure of consideration, to the extent that the defendant has paid to perfect his title; and

hence the amount may be set up in defense, without regard to any question of notice of the time of assignment.

A judgment against a vendor accruing between the sale and the execution of the deed, is a breach of the covenant against incumbrances. It becomes a lien upon the land to the extent of the unpaid purchase-money; and though the purchaser cannot (he having extinguished no part of the incumbrance) recover more than nominal damages in a suit upon the covenant, yet he may pay the incumbrance, and set up the amount in bar of a recovery of unpaid purchase-money. And he may set up this defense against the first note that falls due.

APPEAL from the *Ripley* Court of Common Pleas.

Perkins, J.—Suit upon a note. The note was given for a part of the purchase-money of a piece of ground. It was executed on the 17th day of *February*, 1857, the day the purchase, by executory contract, of the land was made. A deed, with full covenants, was executed in fulfillment of the contract on the 10th day of *July*, 1857. Between the sale of the land in *February*, and the conveyance of it in *July*, it became encumbered by a judgment against the seller. The note in suit was given for the third installment of the purchase-money, the previous installments having been paid. Before this suit was brought, the defendant paid, in extinguishment of the judgment above mentioned, an amount equal to that of the note and interest, which he set up in bar of this suit.

The suit is brought by the assignee of the note.

The consideration for a part of which the note in suit was executed, was an agreement to convey a valid and clear title to the land in question to the defendant. That agreement was not complied with, and to the extent of the amount that the defendant has paid to perfect his title, there may be said to have been a failure of the consideration for the note, which amount may, hence, be set up against any assignee of the note without regard to any question of notice of time of assignment. *Doremus* v. *Bond*, 8 Blackf. 368.

The judgment was, also, a breach of the covenant in the deed of freedom from incumbrance. It became a lien on the land to the extent of unpaid purchase-money. 1 Ind. R. 201.—8 Blackf. 306.

And though a party cannot, in a suit upon his covenant, recover, at all events more than nominal damages, simply for such breach, he having extinguished no part of the incumbrance (Rawle Cov. of Tit., p. 155); yet the law is well settled that he has a right, without special request, to pay off incumbrances, and set the amount up in bar of the recovery of unpaid purchase-money. *Baker* v. *Railsback*, 4 Ind. R. 533.—*Rodman* v. *Williams*, 4 Blackf. 70.—*Buell* v. *Tate*, 7 *id.* 55.—*Oldfield* v. *Stevenson*, 1 Ind. R. 153.—*Simpson* v. *Niles*, *id.* 196.—Ind. Dig. 792.—*Pomeroy* v. *Burnett*, 8 Blackf. 142.

And he may set up the amount against the first note for purchase-money, that falls due after the payment. He need not wait for the last. *Rose* v. *Wallace*, 11 Ind. R. 112.

*Per Curiam.*—The judgment is affirmed with costs.

*W. S. Holman*, for the appellant.

*J. W. Gordon*, for the appellee.