## Miller v. Gibbs.

FAILURE OF CONSIDERATION.—To a suit upon a promissory note, the defendant answered that the note was given for the purchase money of a tract of land conveyed to defendant, at the instance of the payee of the note, by a person who was wholly insolvent; that the payee had agreed to pay off a mortgage upon the premises of an amount greater than the note sued upon, which he had failed to do, and defendant had been compelled to pay it.

*Held,* that the answer showed a failure of the consideration of the note.

APPEAL from the *Blackford* Common Pleas.

FRAZER, C. J.—This was a suit by the appellee against the appellant, upon a promissory note for $333 33, made

Miller *v.* Gibbs.

by the latter, payable to one *Collins*, and by *Collins* transferred to the plaintiff.

The answer was in a single paragraph, embracing several unnecessary copies of documents and other surplusage, with which the record ought not to be incumbered, but the substance of what is material in it is, that the consideration of the note sued on was a tract of land conveyed to the defendant by a third party, wholly insolvent, at the instance of *Collins*, and a parol agreement by *Collins* to pay off and discharge a mortgage upon the land for $775; that *Collins* failed to pay off the mortgage; that suit was brought and judgment obtained for the sale of the land to satisfy the amount so secured, and thereupon the defendant, to save the land, paid off the judgment, being $785.

The error relied on is, that the court below sustained a demurrer to the answer. The point seems to us a plain one. A parol promise may constitute, in whole or in part, the consideration of a promissory note, and the failure to perform it is, to that extent, a failure of the consideration of the note. Nor does it matter, that in this case the appellant took the deed of a third party with covenants, that party being insolvent. The parties could have so contracted that the defendant must have looked wholly to the covenants in the deed for indemnity against the mortgage, or they could have contracted as is averred in the answer, thus obtaining security to the defendant against the consequences of the grantor's insolvency. There is nothing in the parol contract alleged, in contravention of, or inconsistent with, the terms of the deed. There is nothing in it which could, with propriety, have been inserted in the deed, or which would have had any binding effect upon the plaintiff if it had been inserted. He was not a party to the deed. The deed was one contract, the promise of the plaintiff was another and separate contract, and both together constituted the consideration of the note, as it appears from the answer.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer.

*I. Van Devanter* and *J. F. McDowell*, for appellant.

*J. Brownlee*, for appellee.