HANEY VS. COLE et al.

28 239
189 238

TAX SALES: *When set aside, what damages to purchaser.*

Where, on application to confirm a tax title, the sale is decreed to have been void for irregularity or other cause, the purchaser at such sale is entitled to have damages assessed in his favor to the amount of all taxes, costs and interest, with the per centum thereon prescribed by the statute, together with the value of all improvements made thereon, and a lien should be decreed him upon such lands until the same is satisfied.

APPEAL from *Pulaski* Chancery Court.

Hon. T. D. W. YONLEY, Chancellor.

*Rose & Green*, for appellant.

*Clark & Williams*, for appellees.

GREGG, J. In May, 1869, the appellant filed his petition in the Pulaski chancery court, praying a decree confirming his title to the south half of section 2, and northwest quarter of section 10, and west half of northwest quarter of section 11, in township 1 north, of range 10 west (560 acres), assessed for taxes as nonresident's lands for the years 1865 and 1866; alleging that due notice was given, etc.; that the same were

legally advertised, etc., and in March, 1867, duly sold, and that the same were bid off by him at such sale for the taxes, penalty and costs, amounting to $97.97; and that on the 18th day of June, 1868, he obtained a sheriff's deed therefor. He alleged that all the proceedings were in strict conformity to law, and he prayed that his title be confirmed and for general relief.

In the progress of the cause, he filed an amendment to his petition, setting out the cost of the lands, his subsequent expenditures thereon for taxes, costs, improvements, etc., and prayed that the same and one hundred per cent. thereon be declared a lien thereon; and if, for any reason his title should be held invalid or defective, said sum be decreed to him, and a lien declared upon said lands for the payment of the same.

Publication was had, and Samuel Cole, as the administrator of John Woods, and the other defendants as the widow and heirs of said Woods, appeared and petitioned to be made defendants, and allowed to resist the confirmation prayed for. Their petition was allowed and the suit ordered to progress against them. They answered that they were the heirs and legal representatives of John Woods, deceased, who died seized and possessed of all of said lands on the 31st of January, 1865. They deny that the lands were legally listed for taxation; they deny that the sheriff was legally in office, and that the assessment was corrected by the county court, or that the sale was made at a time authorized by law; they deny that the collector filed bond before the 10th of January, 1866, or that proper notice was given of his assessment and collection, or that the lands were valued by three householders; that the assessment lists were not filed by the 15th of April, 1866, but were filed on the 20th; they aver that he gave no notice of such filing; that they resided out of the county of Pulaski, and had no notice; that no court was held on the second

Monday after the 15th of April, as required by law, and that the collector failed to give bond as required by law; that he failed to give notice of sale, and did not file a list of said lands and have the same recorded, etc.

The parties filed the following agreed statement of facts: That the collector for Pulaski county in 1866 did not file his bond before the 10th day of January; that he did not file his assessment list for that year in the clerk's office before the 15th day of April, and that it was not filed until the 20th day of April; that he did not give notice according to law immediately after the 15th of April that the lists would be laid before the next county court for correction and adjustment; that by law there was no regular term of said court after the 15th of April until after the second Monday from the 15th of April, and that the first regular term after the 15th of April was the second Monday in July; that the county court did not hold a special session on the second Monday after the 15th of April for the purpose of correcting the assessment and hearing appeals; that it did not sit for such purposes until the 15th day of May, 1866.

The deposition of the plaintiff Haney was also filed and read by consent, in which he testified that the sums of money mentioned by him in his amended petition, to wit:

| | | |
|---|---|---:|
| Original cost of the land in March, 1867, | | $97 97 |
| Tax deed and acknowledgment, June 22, 1868, | | 5 50 |
| Amount paid for deadening sixty-five acres, September 30, 1868, | | 146 25 |
| Taxes for 1868, paid March 30, 1869, | | 117 00 |
| Amount paid for surveying, December 18, 1869, | | 27 50 |
| Amount of taxes for 1869, paid February 19, 1870, | | 138 00 |
| Amount of taxes for 1870, paid April 22, 1871, | | 167 70 |

were by him actually paid out on said lands as above stated, and that the improvements were now worth $625 more than they cost.

The cause was heard upon the pleadings, exhibits, proof and agreed statement of facts.

The court found that the said tax sale deed was null and void because the lands were not assessed and sold according to law, and decreed that the deed and title claimed thereunder be annulled, and plaintiff's original and amended petitions be dismissed for want of equity. From which decree the plaintiff appealed.

The irregularities in the assessment and condemnation of this property are so great and so clearly calculated to prejudice the owners, that it does not require comment or citation of authorities in announcing that the decree was correct in annulling the deed from the tax collector.

But our statutes throw very strong guards around those who pay the public revenues of the state, and one who pays his money at a tax sale, and goes into possession of property that he has thus relieved of a public burden, does not occupy the ground of a wrongdoer, if his title proves to be imperfect and invalid.

Section 7, chapter 106, Gould's Digest, provides that a claimant, before he shall institute suit for lands sold at sheriff's sale for the nonpayment of taxes, shall make and file affidavit that he has tendered to the purchaser the full amount of all taxes and costs paid on such lands, with interest on the same at the rate of one hundred per centum upon the amount first paid for said lands, and twenty-five per centum per annum upon all costs and taxes paid on said land thereafter, from the time said costs and taxes were paid, and also the full value of all improvements made on said lands, and that the same hath been refused. And by the next section the court is required to dismiss any suit brought to recover any such lands if such affidavit is not so filed. And the ninth section provides that if judgment be given against such purchaser in

favor of any claimant, no matter by what manner of title, etc., damages shall be assessed in favor of the defendant for the full amount of all taxes, costs and interest, as above provided for, together with the full value of all improvements made thereon, and judgment shall be entered in favor of the defendant, and the same shall be a lien upon such lands until it is satisfied.

Various provisions in our different revenue acts declare liens upon lands for the taxes assessed against them, and the clauses above recited clearly show that the purchaser's lien for the repayment of his money and interest was not dependent upon the regularity of official proceedings, or the validity of his title.

As we find he was entitled to a return of the moneys legitimately paid out on the lands, and such interest as the statute allowed thereon, the only question is, Should the court below have decreed these rights? We are of opinion it should.

The cause was made by the amended petition and proof of the plaintiff, and not contradicted by the defendants.

The parties were all before that court, and one decree should have settled the entire controversy, and not exposed the appellant to the vexation of another action to recover the moneys paid on said lands to the use of the appellees.

The decree of the court below in annulling the deed made to the appellant is affirmed, but wherein it refused him his lawful expenditures, as above referred to, it is reversed.

And it is found by this court that the appellant is entitled to have of the appellees the sum of $97.97 first paid on said lands, with one hundred per centum thereon; and the three several sums of $117, $138 and $167.70 subsequently paid as taxes, with interest on said sums at the rate of twenty-five per cent. per annum from the date of the respective payments as above stated, until the same is fully paid; and said $5.50

costs, with a like interest thereon; and the sum of $146.25 for improvements, with lawful interest thereon from the date of the expenditure until paid. And that he is not entitled to the $27.50 charged for surveying; that he has a lien upon the lands for the payment of the sums so found. All the costs of the court below will .be paid by the appellant, and the cost of this court by the appellees, and a decree will be accordingly entered in this court.