## BUNDY v. RIDENOUR ET AL.

ACTION UPON COVENANT.—*Failure to Remove Encumbrance.—Conveyance.—Mortgage.—Damages.*—Unless he has paid part or all of the encumbrance, or has been evicted, the grantee of land conveyed by deed

covenanting against encumbrances can recover of his grantor only nominal damages, in an action on the covenant, for failure to pay off or remove an encumbrance existing at the time of such conveyance.

SAME.— *Verbal Promise to Pay Encumbrance.*—The verbal promise of the covenantor to the grantee to pay off such encumbrance adds nothing to the covenant.

From the Marion Superior Court.

*E. A. Parker*, for appellant.

*R. B. Duncan, C. W. Smith* and *J. S. Duncan*, for appellees.

PERKINS, J.—Bundy sued Ridenour, Bowen and Parry.

In his complaint, he alleges that Jonathan M. Ridenour, on the 2d day of October, 1871, mortgaged a parcel of land to Mary A. Parry, to secure the payment of five thousand dollars, which mortgage was duly recorded ; that afterward, viz., on the 10th day of July, 1872, said Ridenour conveyed a part of the parcel of land, by general warranty deed, to Cornelius Bowen, who afterward, to wit, on the 15th day of January, 1874, conveyed the same, by general warranty deed, to said Bundy ; that said mortgage became due on the 1st day of June, 1876, and was not paid, or removed from said land, though plaintiff had demanded, and defendant Ridenour had promised, that it should be; that, for the reason that it was not so paid or removed, plaintiff was unable to sell said part of said parcel of land, but could have done so had the mortgage been removed, and that he was damaged, etc.; and he prays in his complaint that he may recover damages in the sum of twenty-five hundred dollars.

He does not ask that the other portion of said parcel of land may be first sold to satisfy said mortgage.

Answer in denial.

Trial by the court; finding for the plaintiff in the sum of one cent.

Motion by the plaintiff for a new trial overruled, and judgment on the finding.

The plaintiff was chargeable with notice, at the time he purchased, of the incumbrance on the land. He had not paid off the incumbrance, nor any part of it, and there had been no eviction. The plaintiff still retains possession.

In *Knepper* v. *Kurtz*, 58 Pa. State, 480, SHARSWOOD, J., states the general rule of law applicable to the class of cases of which this at bar is one. He says:

"Nothing appears to be better settled in this State as well as elsewhere than that to maintain an action upon a covenant of general warranty, an actual eviction must be averred and proved.

And, if the action be for a breach of the covenant against incumbrances, only nominal damages can be recovered where there has been no eviction, and no payment of or upon the incumbrance, *Pomeroy* v. *Burnett*, 8 Blackf. 142; *Reasoner* v. *Edmundson*, 5 Ind. 393; *Black* v. *Coan*, 48 Ind. 385; unless there was fraud in the sale. *Greene* v. *Tallman*, 20 N. Y. 191; S. C., Sedgwick Lead. Cas. on Measure of Damages, 36.

We do not think the facts in the present case take it out of the general rule, and that rule has been too long established to be departed from without special reasons. We are not aware that any case has been decided in this State, in which the rule has been departed from. See *Burton* v. *Reeds*, 20 Ind. 87. The alleged promise to keep his covenant, on the part of Ridenour, was upon no new consideration, and added no legal obligation to that covenant, upon which this suit was brought.

The judgment below is affirmed, with costs.