## Doss v. Ditmars et al.

MORTGAGE.—*Endorsement, to Different Persons, of Promissory Notes Secured by Second Mortgage.—Payment of First Mortgage.—Application of.— Set-Off—Notice.—Insolvency.—Breach of Covenant.—Conveyance.—*A tract of land, encumbered by a mortgage executed by A., the holder of the legal title, to secure the payment of a promissory note also executed by him, was by him sold and conveyed by warranty deed to B., who, to secure payment of the purchase-money, executed to A. two promissory notes, the first of which was for the same amount, and to mature at the same date, as the note secured by the pre-existing mortgage, while the second was for a larger amount, and to mature later. B. also, to secure payment of such notes, executed to A. a mortgage on such land, con-

Doss *v.* Ditmars *et al.*

taining a stipulation that, "on failure to pay any one of said notes at maturity, then all" were to become "due and collectible," and the mortgage might "be foreclosed accordingly." A. endorsed the first of such notes to C., and, subsequently, the second to D., each before maturity and for a valuable consideration. C., on the maturity of the first note, and before the maturity of the second, brought suit on the first note, and to foreclose such second mortgage against B., the mortgagor, and D., the holder of the second note. In his complaint he alleged the foregoing facts, and also that B. had paid off the pre-existing mortgage with notice of the assignment of such notes to C. and D., and also alleging that A. had long been wholly insolvent. Both of such notes having then matured, B. answered, setting out substantially the same facts alleged in the complaint, but also alleging that he had paid off the note assigned to D., and seeking to set off the amount of the pre existing debt against the note sued on by C.

*Held,* on demurrer, that the answer is insufficient.

*Held,* also, that, on the assignment of such notes to C. and D., each became a mortgage having priority in the order of their maturity, and both subject to the first mortgage.

*Held,* also, that, under the facts alleged, the amount of the pre-existing mortgage should have been set off against the note held by D., but could not be set off against that sued on by C.

SAME.—*Order of Assignment of Notes.—Consideration.*—An answer by B. in such case, that the second note had been assigned to D., and that C subsequently obtained the assignment of the first note, without consideration and with notice of the assignment to D., was insufficient.

QUERY.—Would these facts be a good defence if pleaded by D.?

SAME.—*Taxes.—Breach of Warranty.—Answer.—Payment.*—An answer by B. in such action, alleging the existence of a lien on such land for taxes due from A., but not alleging that A. had had no personal property out of which they could have been collected, and not alleging that B. had paid such taxes, was insufficient.

SUPREME COURT.—*Surplusage.— Harmless Error.— Pleading.*—The overruling of a motion to strike surplusage out of a pleading is not available as error, in the Supreme Court.

From the Johnson Circuit Court.

*T. W. Woollen,* for appellant.

*G. M. Overstreet* and *A. B. Hunter,* for appellees.

HOWK, J.—This was a suit by the appellant, against the appellees, to collect the amount alleged to be due on a certain promissory note, and to foreclose a mortgage given

to secure the payment thereof. The note was for the sum of one thousand dollars, was dated July 31st, 1873, was executed by the appellee Richard V. Ditmars, and payable on the 1st day of May, after date, to the order of one John W. Ransdell, and was endorsed in blank by said Ransdell. The mortgage, was executed by the appellee Ditmars, to said John W. Ransdell, of even date with said note, on lot number nine in the original plat of the city of Franklin, in Johnson county, Indiana, to secure the payment of three promissory notes, all of the same date, and all executed by said Ditmars and payable to the order of said Ransdell, to wit, one for $500.00, due January 10th, 1874; one for $1,000.00, above described, due May 1st, 1874; and one for $1,750.00, due January 1st, 1875. The mortgage contained a stipulation, that " upon failure to pay any one of said notes at maturity, then all of said notes are to be due and collectible, and this mortgage may be foreclosed accordingly."

This suit was commenced on the 2d day of July, 1874, and before the note for $1,750.00, by its own terms, had matured, though, by the terms of the mortgage, it had become " due and collectible," upon the failure of said Ditmars to pay said note for $1,000.00, at its maturity on the 1st day of May, 1874. From a memorandum signed by the clerk, in the record, it appears that the appellant's original complaint, filed at the commencement of this suit, was destroyed by fire on December 7th, 1874. At the April term, 1875, of the court below, the appellant filed a substituted complaint; and afterward, at the February term, 1876, of said court, he filed what was called a supplemental, but was in fact an amended, complaint in two paragraphs.

In the first paragraph of said complaint, the appellant alleged, in substance, that on the 31st day of July, 1873, the appellee Ditmars, by his note of that date, a copy of·

which was therewith filed, promised to pay the sum of
$1,000.00 to the order of John W. Ransdell, who, by
written endorsement, assigned the same to the appellant,
and said note was due and unpaid; that said note, and
another note for $1,750.00, were given for the unpaid pur-
chase-money of said lot number 9, in the original plat of
the city of Franklin, the note in suit becoming due May
1st, 1874, and the other note, for $1,750.00, falling due on
January 10th, 1875 ; that, to secure the payment of said
two notes, the appellee Ditmars executed to said John W.
Ransdell a mortgage on said lot, a copy of which was
therewith filed ; that, at the time of the conveyance of
said lot to the appellee Ditmars and of his execution of
said notes and mortgage, there was an incumbrance on
said lot, being a mortgage to Samuel Deitch for the sum
of $1,000.00, and said deed from said Ransdall to said
Ditmars being a warranty deed, said mortgage in favor of
said Deitch was, when paid off, a proper matter of set-off
in the hands of said Ditmars against the unpaid purchase-
money due on said real estate ; that said Ditmars did,
before the commencement of this suit, pay off said mort-
gage to said Deitch, and then held the same as a set-off
against the purchase-money of said lot ; that at
the time this suit was commenced, to wit, July
2d, 1874, the note sued on by the appellant was
due, but the other note, for $1,750.00, was not then
due, though it had since, to wit, on January 10th,
1875, matured and become due, and was then held by the
appellee Benjamin B. Ransdell; that the appellee Dit-
mars had full notice that the appellant held the note in
suit by him, ever since he purchased the same, and
long before the other note, held by said Benjamin B.
Ransdell, became due ; that the appellant took his said
note in good faith and for a valuable consideration ; that,
at the time said note became due, the said John W.

Ransdell was, and since had been, wholly and notoriously insolvent, and had no property other than the mortgage given to secure said note, out of which to make the money due the appellant thereon.

The second paragraph of said amended complaint contains substantially the same allegations as the first paragraph, and an additional averment to the effect, that, at the time the appellant purchased his note from said John W. Ransdell, he had no notice whatever, that the appellee Benjamin B. Ransdell held the other note, for $1,750, secured by the mortgage in suit.

The appellant prayed judgment against the appellee Ditmars, for the amount due on his note, and for the foreclosure of the mortgage in suit, and the sale of the mortgaged property; and that the proceeds of such sale should be applied first to the payment of the Deitch mortgage and costs, and that the surplus, if any, should be applied to the payment in full of the appellant's judgment and interest, before any part thereof should be applied to the payment of the note for $1,750, held as aforesaid by the appellee Benjamin B. Ransdell.

To the appellant's complaint the appellees, severing in their defence, answered in eight paragraphs, of which the seventh paragraph was the separate answer of the appellee Benjamin B. Ransdell, and each of the other paragraphs was a separate answer of the appellee Richard V. Ditmars. The appellant moved the court, in writing, to strike out certain specified parts of the fifth and sixth paragraphs of the answer, which motion was overruled, and to this ruling he excepted and filed his bill of exceptions.

The appellant demurred to each of the second, fifth, sixth and seventh paragraphs of the answer, for the alleged insufficiency of the facts therein to constitute a defence to his action, which demurrers were severally overruled by the court, and to these decisions he excepted, and then replied by a

general denial to each and all of the paragraphs of said answer.

The issues joined were tried by the court, without a jury, and a finding was made for the appellees; and the appellant's motion for a new trial having been overruled, and his exception saved to this decision, judgment was rendered by the court, on its finding, against the appellant, for the appellees' costs.

In this court the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his demurrers to the second, fifth and sixth paragraphs of the separate answer of the appellee Ditmars;

2. In overruling his motions to strike out certain specified parts of the fifth and sixth paragraphs of the answer; and,

3. In overruling his motion for a new trial.

1. In the second paragraph of his answer, the appellee Ditmars admitted his execution of the note and mortgage described in appellant's complaint, and that the note in suit was due and unpaid; that on July 31st, 1873, the date of said notes and mortgage, he purchased the mortgaged property of John W. Ransdell, the payee named in said notes, and received from him a conveyance thereof, in fee-simple, with general warranty against all incumbrances, executed by said Ransdell and his wife, a copy of which deed was filed with and made part of said answer; that, to secure the payment of the unpaid purchase-money for said property, he executed to said John W. Ransdell the notes and mortgage mentioned in the complaint; and he, said Ditmars, alleged that the only consideration of said notes, and of the note in suit, was the conveyance of said real estate. The appellee Ditmars further said, that, at and before the execution by said John W. Ransdell and his wife of the said conveyance to him of said mortgaged property, there was a mortgage thereon executed by said Ransdell

and wife, on May 1st, 1873, to Samuel Deitch to secure the payment to him of a note of that date for $1,000, executed by said Ransdell, and payable to said Deitch one year after date, copies of which note and mortgage were filed with and made part of said answer; that, at the time of the execution of said conveyance to him, by said Ransdell and wife, of said mortgaged property, the note and mortgage in favor of said Deitch were outstanding, unpaid, and a lien on said premises; that on May 1st, 1874, the note and mortgage held by said Deitch became due and payable; that said Ransdell failed and refused to pay the same, or any part thereof, and the appellee Ditmars, to save costs and his property from sale, and to remove said lien and incumbrance, was compelled to pay and discharge said note, amounting then to the sum of $1,100; and that all the other notes given by him, said Ditmars, to said John W. Ransdell for said real estate, had been paid and satisfied. Wherefore the appellee Ditmars said that the consideration of the note in suit had wholly failed.

The conclusion drawn by the appellee Ditmars, from the facts alleged in the second paragraph of his answer, the substance of which we have just given, it seems to us, is clearly a *non sequitur*. It does not follow of necessity, from the allegations of said paragraph of answer, that the consideration of the note in suit had wholly failed. It is true, that the appellee Ditmars had the legal right to pay off and satisfy the note and mortgage held by said Samuel Deitch, when the same became due, and for the amount thus paid to claim and receive credit on the unpaid purchase-money of his lot, evidenced by his notes and mortgage to John W. Ransdell. *Dunklebarger* v. *Whitehall, ante,* p. 214. But it is equally true, we think, that he had no right, either legal or equitable, after the assignment of his notes to different holders and after his payment of the Deitch note and mortgage, to claim credit arbitrarily, for the

amount of such payment, on one of his notes to the exclusion of the other note. Under the law of this State, as settled by numerous decisions of this court, a mortgage given to secure two or more notes, maturing at different dates and assigned to different holders, must be considered as if there were as many different successive mortgages as there were of such notes, and the holder of the note first due will have priority, and the holder of the other note or notes will come in, in the same order in which such note or notes matured. *The State Bank* v. *Tweedy*, 8 Blackf. 447 ; *Stanley* v. *Beatty*, 4 Ind. 134 ; *Hough* v. *Osborne*, 7 Ind. 140 ; *Murdock* v. *Ford*, 17 Ind. 52 ; *Sample* v. *Rowe*, 24 Ind. 208 ; *Davis* v. *Langsdale*, 41 Ind. 399 ; *Minor* v. *Hill*, 58 Ind. 176 ; and *The Peoples Savings Bank, etc.*, v. *Finney*, 63 Ind. 460.

It will be observed, that, although the second paragraph of said Ditmars' answer purported, on its face, to answer the entire complaint, yet it did not controvert in any manner the allegations of the complaint in regard to the assignment of the outstanding notes of said Ditmars, and the times of their respective maturity. By the terms of the two notes respectively, the note assigned to and held by the appellant, Doss, matured on the 1st day of May, 1874, while the note for one thousand seven hundred and fifty dollars, held by the appellee Benjamin B. Ransdell, was not payable until the 10th day of January, 1875. After the transfer of the two notes mentioned in the complaint, one to the appellant and the other to said Benjamin B. Ransdell, each of them, in legal effect, held a separate mortgage on the lot mortgaged, to secure the payment of the note held by him ; and, of these separate mortgages, the one securing the note which first matured would have priority over the one securing the note which last became due. In the second paragraph of his answer, the appellee Ditmars did not deny the fact alleged

in appellant's complaint, of the total and notorious insolvency of said John W. Ransdell, the maker of the note and mortgage to said Samuel Deitch.

The case made by the uncontroverted allegations of the complaint, and of the second paragraph of said Ditmars' answer, may be thus stated :

Ditmars was the owner in fee-simple of lot No. 9 in the original plat of the city of Franklin, under a warranty deed executed by John W. Ransdell, who was notoriously insolvent. This lot was encumbered by mortgages, in legal effect, as follows : One executed by John W. Ransdell to Samuel Deitch ; two executed by said Ditmars, one held by the appellant, due May 1st, 1874, and the other held by said Benjamin B. Ransdell, due January 10th, 1875. Of these mortgages, the one to Deitch was the oldest lien, and next in order and age was the lien of the mortgage held by the appellant ; while the lien of the mortgage held by said Benjamin B. Ransdell was junior and inferior to the other two, in the above named order.

The lot in question, or its value, or the proceeds of its sale, constituted a fund for the payment of these three mortgage liens, in the order of their priority as above stated. It is clear, we think, that Ditmars had the right to pay off the note and mortgage to Deitch, and, for the amount of such payment, to claim and receive a credit upon his unpaid purchase-money, evinced by his two notes, one held by the appellant and the other held by Benjamin B. Ransdell. But, while this was his right, it seems to us that Ditmars had no right to, and could not in a court of equitable jurisdiction, claim and receive a credit for the amount of said payment, in such a manner as would entirely defeat the legal and equitable rights of the appellant, as between himself and the appellee Benjamin B. Ransdell, the holder of the junior note, and mortgage. Ditmars was entitled to a credit for his pay-

ment of the Deitch note and mortgage, on his unpaid purchase-money; but, as the amount of such payment was much less than the amount of his note held by said Benjamin B. Ransdell, it is certain, we think, that he was not entitled to any credit, on account of such payment, on the appellant's note and mortgage.

It follows, therefore, that the facts stated in the second paragraph of Ditmars' answer were not sufficient to constitute a defence to the appellant's action, and that the demurrer thereto ought to have been sustained.

The fifth paragraph of the separate answer of the appellee Ditmars contained substantially the same allegations as the second paragraph of said answer, and, in addition thereto, the said Ditmars alleged, in substance, in said fifth paragraph, that the said John W. Ransdell sold, assigned, and transferred by written endorsement, the last note, for one thousand seven hundred and fifty dollars, secured by said Ditmars' mortgage, to the appellee Benjamin B. Ransdell; that afterward the said John W. Ransdell, without any consideration whatever therefor, assigned the note in suit, for one thousand dollars, to the appellant, who then had full knowledge and notice that the appellee Benjamin B. Ransdell was then the owner of said last note; and that, in addition to the Deitch note and mortgage, there were State and county taxes to the amount of twenty-five dollars and ninety-eight cents, and city taxes to the amount of sixty-four dollars, assessed against said John W. Ransdell, and standing against and liens upon said lot No. 9, at the time of his conveyance thereof to the appellee Ditmars.

We do not think that these additional facts add any thing to the sufficiency of the answer of said Ditmars to the appellant's action. The alleged fact, if it be the fact, that John W. Ransdell assigned the note in suit to the appellant, without any consideration therefor, was an

immaterial fact, which did not affect Ditmars in any way; nor would or could it have affected his rights, if John W. Ransdell had given his note to the appellant. The further facts, alleged in said fifth paragraph, that the last note was assigned to Benjamin B. Ransdell before the first note was assigned to the appellant, and that he had notice of the former assignment at the time the note in suit was transferred to him, would not, we think, change or control the rule, above stated, governing the priority of the two notes, after their transfer to different holders, in the mortgaged property. In regard to the taxes which were said to be liens on said property, it will be observed that Ditmars did not allege that he had paid, or would be compelled to pay, the said taxes or any part thereof; nor did he allege that the said John W. Ransdell, against whom the said taxes were assessed, was not the owner of any personal property, out of which the amount of said taxes might be levied and collected.

We are of the opinion, therefore, that the court erred in overruling the appellant's demurrer to the fifth paragraph of said Ditmars' answer.

The sixth paragraph of said Ditmars' answer, in so far as it states matters which may properly be regarded as an intended defence on his part to the appellant's cause of action, did not differ materially in its allegations of fact from those contained in the fifth paragraph of his said answer. In addition thereto, the appellee Ditmars alleged certain facts which would have come more properly, as it seems to us, from his co-appellee Benjamin B. Ransdell, and were intended to impeach the appellant's title to the note in suit and the good faith of the transfer thereof to him by said John W. Ransdell. With all the parties interested in this controversy, and especially with the holders of both his notes, before the court, the facts thus pleaded by said Ditmars were not sufficient, we think, to constitute

a defence in his behalf to the appellant's action, and, therefore, the demurrer to the sixth paragraph of Ditmars' answer ought to have been sustained.

The apparent difficulty with all these paragraphs of Ditmars' answer, as shown by the record, would seem to be that he was not content with stating therein his own interest in the mortgage in suit, and his own defence to the appellant's action; but he also undertook therein to defend for his co-appellee Benjamin B. Ransdell, and to settle, in favor of said Ransdell, the controverted equities and rights of priority between him and the appellant. It is true, that said Ditmars alleged in each of said paragraphs of his answer, that he had fully paid the last note due to said Benjamin B. Ransdell; but it was not claimed that such payment had been made until the maturity of that note, which was after the commencement of this suit and after Ditmars had full notice of the assignment of the note in suit to the appellant. It appears from the evidence of Ditmars, who was a witness on the trial of this cause, that his payment of the last note to Benjamin B. Ransdell was a conditional payment; for he testified that "Mr. Ransdell is to refund me the money, if this suit goes against me." It would seem from this evidence, that this alleged payment of the last note can not, and ought not to, prevent the court, with all the interested parties before it, from determining their respective equities and rights of priority in the mortgaged property, in accordance with the recognized rules of law and equity applicable to such cases, and from administering equal and exact justice to each and all of the said parties, in the premises.

Our conclusion in regard to the insufficiency of the second, fifth and sixth paragraphs of the answer of the appellee Ditmars, renders it unnecessary, and perhaps improper, for us to extend this opinion, by the considera-

tion and decision now of any of the questions arising under the alleged error of the court, in overruling the motion for a new trial. These questions depend for their decision entirely upon the evidence; and, upon the formation of new issues, the evidence may, and perhaps will, be materially changed on another trial of the cause. Therefore, we pass them now, without decision.

The alleged error of the court, in overruling the appellant's motion to strike out parts of the paragraphs of answer, is not an available error, even if it exists, for the reversal of the judgment below. The overruling of such a motion, if erroneous, would merely leave surplusage in the record; and, as a rule, surplusage is harmless and can work no injury to the complaining or moving party. *Mires* v. *Alley*, 51 Ind. 507; *House* v. *McKinney*, 54 Ind. 240; *The City of Crawfordsville* v. *Brundage*, 57 Ind. 262.

In conclusion, we may remark, that after this cause was appealed to this court, and after the record, with the assignment of errors thereon, had been filed, but before the submission of the cause, the death of the appellant was suggested to this court, and William A. Breckingham, administrator of the estate of said Jefferson T. Doss, deceased, was substituted as appellant, and in his name the case was afterward submitted for decision.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrers to the second, fifth and sixth paragraphs of answer, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.