Filed January 24, 1896.

---

No. 1,819.

## WYATT v. BROWN.

PROMISSORY NOTE.—*Transfer in Payment for Land.*— *Recovery Against Maker.*—*Fraud.*—A purchaser of land from an insolvent vendor who endorses to the latter in payment a note held by him, is not entitled to recover from the maker, in a suit on the note by a transferree thereof, the amount of such note on the ground of fraud

of his vendor, in the absence of allegation or proof that there was
any deceit, misrepresentation, or abuse of confidence in the trans-
action, although there is a breach of warranty as to encumbrances,
even if he might cancel the transaction on the ground of failure of
consideration.

From the Carroll Circuit Court.

*L. D. Boyd, T. H. Palmer* and *W. F. Palmer,* for
appellant.

*Pollard & Pollard,* for appellee.

DAVIS, J.—This action was instituted on February
6, 1894, by the appellee against one Gochenauer, on a
note on which there was due $237.00, executed by him
to Wyatt and endorsed to the appellee. Gochenauer
paid the money due on the note into the court, saying
that the appellant was claiming to be the owner of the
note and entitled to the money due thereon. The
appellant was thereupon made a party to the suit and
filed an answer and cross-complaint, making one Smith
a party thereto.

The court's conclusions of law on the special finding
of facts were against the appellant. There were no
exceptions to the conclusion of law by the court. The
material question sought to be presented on this appeal
arises on appellant's motion for a new trial. There is
no conflict in the evidence on material questions.

The material facts as disclosed by the record are that
on the 16th of January, 1894, David Rutter was an in-
solvent resident householder of Carroll county, Indiana,
and that by deed with covenants of warranty in which his
wife joined, said Rutter sold and conveyed to said appel-
lant seventy acres of real estate for $3,500.00, and that
as a part of the consideration therefor the appellant
assigned and endorsed to said Rutter the Gochenauer
note and also a note on said Smith for $500.00, and

amounting in the aggregate to $737.00, and that Rutter afterwards, on the 19th of January, 1894, endorsed said notes to the appellee, who had no notice of the equities in favor of the appellant, in payment of an antecedent debt then past due, and for $8.45 in cash. The notes were not payable in bank, and there were encumbrances on the real estate to the amount of $442.15, which the appellant afterward paid. At the maturity of the Smith note in December, 1894, he paid the amount due thereon into court. Many questions of law and practice are discussed by counsel for the respective parties, which it may not be necessary to consider. The judgment in the court below was against the appellant. The primary question to be determined is whether on the facts above stated the appellant is as against the appellee in this action entitled to said notes or any part of the proceeds thereof.

It should be borne in mind that no action was instituted against the appellant, on his endorsement or otherwise. In fact no relief was asked against the appellant.

In part consideration for the transfer and endorsement of the notes by the appellant, Rutter executed the deed for the conveyance of certain real estate with covenants of warranty. The appellant has and holds the real estate of the value of $3,500.00. He has paid therefor including encumbrances and not including the notes in suit $3,506.07. The encumbrances so paid by him amount to $442.15.

· It is ordinarily true that an entire failure of consideration is a good ground for the recovery of money paid on the contract. Parsons on Cont., section 14, star paging 438, 8th Ed.

If this were an action against the appellant to recover

on his endorsement, the evidence would perhaps sustain the proposition that the consideration for the endorsement has failed.    *Miller* v. *Gibbs,* 29 Ind. 228; *Holman* v. *Creagmiles,* 14 Ind. 177.

The theory of counsel for appellant is that the breach of warranty on the part of David Rutter is such a fraud upon the appellant as entitles him to recover in this action against the appellee the proceeds of said notes to the extent of $442.15.

There is neither allegation nor proof that there was any deceit, misrepresentation or abuse of confidence in the transaction between Rutter and the appellant.

In support of their position counsel for the appellant cite :  *Robinson* v. *Reinhart,* 137 Ind. 674, 681; *Bethell* v. *Bethell,* 92 Ind. 318; *Curme, Dunn & Co.* v. *Rauh,* 100 Ind. 247 ; *Hurd* v. *Bickford,* 35 Am. St. Rep. 353; *Barnard* v. *Campbell,* 58 N. Y. Ct. of App. 73; Pomeroy Remedies and Remedial Rts., sections 154 to 163 ; Pomeroy Eq. Juris., Vol. 2, sections 706 to 709, inclusive.

In the *Robinson* case *supra,* the appellee, in an action against appellants to quiet title to real estate alleged facts showing that the conveyance made by appellee to appellants was procured through fraud.    There was an offer to restore the consideration received and a demand for a rescission of the contract, etc.

In *Bethell* v. *Bethell, supra,* the facts pleaded show that there was deceit, misrepresentation, abuse of confidence and a wrongful preparation of a written instrument different from that agreed upon.

The theory on which the action in *Crume, Dunn & Co.* v. *Rauh, supra,* was prosecuted was that the goods were bought with the design not to pay for them.

In *Hurd* v. *Bickford, supra,* the property was pro-

cured by fraud.    The action was in trover by the owner against the vendee of the purchaser.

In *Barnard* v. *Campbell, supra,* the vendor was induced to part with this property by fraud.

As we understand counsel for appellant, their theory is that on the ground of fraud they are entitled to have the endorsement of the note by the appellant declared invalid.

In the first place it should be borne in mind that fraud in this State is ordinarily a question of fact, and cannot be presumed.  Section 6649, R. S. 1894; *Phelps* v. *Smith,* 116 Ind. 387.

In the next place there is no offer to rescind the contract.    The general rule is that a party will not be permitted to reclaim what he has parted with and at the same time hold on to what he has received in the transaction.    *Westhafer* v. *Patterson,* 120 Ind. 459; *Higham* v. *Harris,* 108 Ind. 246; *Calhoun* v. *Davis,* 2 Ind. 532; *Brigham* v. *Leighty,* 61 Ind. 524.

As before observed, the theory of counsel for appellant is that the evidence shows that the endorsement of the notes by appellant was procured by fraud, and therefore that as against appellee he is entitled to the proceeds of the notes to the extent of the encumbrances paid by him.    On this theory we have considered the question presented.    No suggestion has been made by counsel that the appellant was entitled to recover any part of the proceeds of the notes because the consideration for the endorsement had failed.    The only claim is that the evidence shows that a fraud has been perpetrated on the appellant.

We have carefully read the evidence, and would not be warranted in the conclusion that it conclusively shows that the transactions were fraudulent.    Whether the appellant might have succeeded against the appellee

on the theory that the consideration of the endorsement of the notes has failed is a question it is not necessary for us to determine, because it is not presented in argument for our consideration.   We observe, however, that the appellee surrendered notes past due, and paid $8.45 in cash for the notes in controversy, one of which did not mature for eleven months.   We also notice that said Rutter then owned $600 or $800 worth of personal property, on which it appears he afterward offered to execute a chattel mortgage to the appellant as security for the payment of the encumbrances.

In any event, no reason has been given which in our opinion would justify this court in reversing the judgment of the trial court on the evidence.

In the answer to the cross-complaint, and in the reply to the answer, the appellee alleged, among other things, that he purchased the notes for a good and valuable consideration, in good faith, without any notice of any claim or equities of the appellant.

It is true the facts constituting the consideration are not alleged, but in our opinion there was no error in overruling the demurrer to either the answer or the reply.

We find no reversible error in the record.

Judgment affirmed.

