## WOLF v. SHELTON.

[No. 19,591. Filed December 9, 1902.]

**VENDOR AND PURCHASER.**—*Purchase-Money Notes.*—*Transfer.*—*Liens.* —*Set-off.*—A vendor conveyed land receiving two negotiable notes for the unpaid purchase price, due at different dates, secured by mortgage on the premises conveyed. He assigned the note last maturing to an innocent purchaser, for value, before maturity, and transferred the other note to plaintiff after the maturity thereof. *Held,* that the vendee was entitled to set off against the non-negotiable note a sum that he had been compelled to pay in satisfaction of a preëxisting lien on the real estate conveyed.

From Howard Superior Court; *Hiram Brownlee,* Judge.

Action by Tamma Shelton against Phelan Wolf on a promissory note, and to foreclose a mortgage    From a judgment for plaintiff, defendant appeals.    Transferred

from Appellate Court, under §1337u Burns 1901.  *Reversed.*

*Charlton Bull* and *B. C. Moon*, for appellant.

*J. C. Herron*, for appellee.

HADLEY, C. J.—The pleadings and special findings disclose in substance the following facts:  In 1899 one Foreman sold and conveyed by warranty deed to appellant Wolf, certain real estate in Howard county, and took two notes from Wolf, both payable in a bank of this State, and secured by mortgage on the premises, for the unpaid purchase money,— one due May 1, 1900, and the other September 1, 1900.  The note due May 1st is the one in controversy.  After said note became due, Foreman, the payee, indorsed it for full value to the appellee Shelton.  Before the second note became due Foreman indorsed it to Gunnel for value, the latter purchasing the same in good faith and without notice of any defense.  Wolf, when he bought the land, and accepted the deed therefor, had notice of a valid vendor's lien thereon for $64, and to save foreclosure paid off the same before Foreman, his warrantor, had assigned the note in suit to the appellee.  Wolf paid to Gunnel the amount of the second note a week before it was due.

Foreclosure by the appellee as assignee of the first note, which he purchased after due.  Answer of set-off for the amount defendant was compelled to pay in discharge of the vendor's lien.  Reply admitting the payment by the defendant of the $64 in discharge of the vendor's lien, but averring that the same should not be set off against the note in suit because the second note matured at a date subsequent to the maturity of the plaintiff's note, and was likewise given for purchase money of the mortgaged premises, and was by the defendant voluntarily paid before maturity to the assignee.  Conclusions of law and decree of foreclosure in favor of the plaintiff, and against the appellant on his answer of set-off.

The question arising upon exception to the conclusions of law, and upon the demurrer to the second paragraph of reply, are the same, and present the only point we are called upon to decide. In a concrete form the question may be stated thus: Has the purchaser of real estate under a warranty deed the right to set off against his warrantor's assignee of a non-negotiable note given for unpaid purchase money, a sum that the purchaser has been compelled to pay to relieve his purchase from a preëxisting lien? In stating the question, we are mindful that appellant, the purchaser, gave two negotiable notes for unpaid purchase money, due at different dates, and both secured by mortgage on the premises conveyed. It is the succeeding facts that give character to the question involved.

Foreman, appellant's warrantor, for value, and before due, assigned the note last maturing to Gunnel, who had no notice of a defense. The assignment of this note to an innocent holder placed it beyond the reach of a defense in the hands of Wolf, the maker. Foreman kept the other note—the first one to fall due—and which was sufficient to pay the vendor's lien against which he had warranted,— kept it until it was past due, and until it had become dishonored and had lost its negotiable quality. Immediately before Foreman assigned the note sued on to appellee, the situation was that Wolf had outstanding two mortgage notes, one foreclosed as to defenses, and the other open to them. Under the law he, as maker, had rights as well as an assignee. The note went to appellee discredited upon its face by nonpayment at maturity. It was a broken contract when appellee purchased it, and he was bound to take notice of the defense, and to know that he would have no greater right to enforce payment than the payee had, and that it would be open to the same defenses in his hands that it would have been subject to if it had remained the property of the payee. Suppose Foreman had not assigned the note at all, and himself had brought this suit as plaintiff. It

then becomes very clear that Wolf would have the right to recoup from the unpaid purchase money, as against his warrantor, whatever sum he had been compelled to pay to clear his title. *Watts* v. *Fletcher,* 107 Ind. 391; *Doss* v. *Dilmars,* 70 Ind. 451, 457; *Holman* v. *Creagmiles,* 14 Ind. 177. As we have seen, appellant had this same right against the appellee who purchased the note charged with notice that the maker had a defense against it. *Green* v. *Louthain,* 49 Ind. 139; *First Nat. Bank* v. *Henry,* 156 Ind. 1, and cases cited.

The mortgage does not affect the question we have, one way or another. It was a mere incident to the debt. The last note secured thereby had been paid by the maker to an innocent transferree, and was therefore out of the case. The other note secured thereby is owned, and is sued on by one who stands in the shoes of the payee and mortgagee, and the rights of the litigants, legal and equitable, must be determined as if no other person had been connected with the transaction.

The case of *Doss* v. *Ditmars, supra,* and other cases following it, are not analogous. In those cases the notes are all of the same class,—all alike open to defenses, and the parties all before the court.

Judgment reversed, with instructions to restate the conclusions of law and render judgment thereon in accordance with this opinion.