## SELDON v. DUDLEY.E. JONES COMPANY.

### Opinion delivered February 8, 1909.

1. TAXATION—LIEN.—Taxes due on lands are a charge thereon and constitute a lien in favor of a tax purchaser, though his tax title be void for irregularities. (Page 238.)

2. COVENANTS OF TITLE—INCUMBRANCE.—A covenant of warranty in a deed of lands whereby the grantor undertakes "to warrant and defend the title to said lands against all claims whatever" is broken where there is an outstanding lien for taxes due thereon. (Page 238.)

3. SAME—DAMAGES.—Where an incumbrance constituting a breach of a warranty in a deed of land has inflicted no actual injury upon the grantee, as where he has paid nothing towards removing or extinguishing it, he can recover only nominal damages. (Page 238.)

Appeal from Pulaski Circuit Court, Second Division; *Edward W. Winfield,* judge; reversed.

*J. W. Blackwood* and *George Sibly,* for appellant.

The lien of the State for unpaid taxes can not be displaced by anything short of payment. 2 Dembitz on Land Titles, §

180. A tax or assessment imposed by lawful authority is an incumbrance upon land until satisfied. 1 Warvelle on Vendors, p. 318, § 14. The plaintiff is entitled under the covenants of warranty to a marketable title. 63 Ark. 548; 66 *Id.* 433. If at the time a covenant is made the property to which it relates is subject to the lien of a tax or assessment, the covenantor is clearly liable. 2 Warvelle on Vendors, p. 1000, § 8. And an action on the covenant of general warranty can be maintained. *Id.* pp. 1003-5; 1 Warvelle on Ven. p. 318, § 14. The vendee is not required to redeem the land when sold for taxes, but may rely on his warranty. 63 Ark. 103. The title to the land purchased is not such a marketable title as the law contemplates. 63 Ark. 551; 66 *Id.* 436; 11 *Id.* 76; 120 N. Y. 253; 121 *Id.* 353; 136 Mass. 221; Devlin on Deeds, § 937.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee.

The sale, being void, was no cloud on the title, and there was therefore no breach of warranty. 55 Ark. 549; 70 *Id.* 257. Nothing but actual or constructive eviction by the assertion of the paramount title will constitute a breach of this covenant. 1 Ark. 313; 5 *Id.* 395; 33 *Id.* 593; 65 *Id.* 495; 59 *Id.* 629. Until there is an interference with possession, there is no occasion for action. 70 Ark. 256; 75 *Id.* 194.

BATTLE, J. This action has been here once before on appeal. The opinion of the court delivered at that time is reported in *Seldon* v. *Dudley E. Jones Co.,* 74 Ark. 348. The facts in the case up to that time are stated in the opinion.

Upon the return of the cause to the circuit court, on the 10th day of June, 1905, plaintiff filed an amendment to his complaint, stating that since the filing of his complaint and the last order made herein the State of Arkansas had sold one-seventh interest in the lands in question to one J. O. Short, and had conveyed it to him. To which the defendant demurred. The demurrer was sustained, and the court gave plaintiff leave to further amend his complaint.

On the second day of March, 1907, plaintiff again amended his complaint, stating "that on the 12th of July, 1898, the day the defendant conveyed the land to plaintiff and covenanted with plaintiff 'that it will forever warrant and defend

the title to said lands against all claims whatever,' there was
then outstanding against the lands a claim of the State of
Arkansas for delinquent taxes for the years 1881 and 1882
which were due to the State of Arkansas, the county of Lonoke
and special school district No........, in the county of Lon-
oke on the undivided one-seventh part of said land, being 28 and
57-100 acres in area, for which plaintiff paid defendant $90.10;
that defendant neglected and refused to pay said taxes, and said
undivided one-seventh part of said land was sold in year 1883,
and, defendant neglecting and refusing to pay said taxes or re-
deem the lands from the tax sale up to July 12, 1898, by reason
thereof the State by said sale to it of said one-seventh part, etc.,
became the owner thereof, and was subrogated to the right of the
county of Lonoke and school district No.........., to their lien
upon it for taxes, and was entitled by law to be paid for a release
of a lien for the said taxes and all subsequent taxes that might
become due or should have been paid for the years 1883 to
1897, inclusive, 15 years in all; that if the sale to tne State and
by the State to J. O. Short be good, of which there hath been
no adjudication, then the title to said land is lost to plaintiff,
and a cause of action hath accrued, etc.

"That if the sale to the State and by the State to Short was
not valid—and as to this there hath been no adjudication—then
and in that event the State of Arkansas and Lonoke County
and school district No........ have a lien upon said land
for unpaid taxes and for unpaid taxes for 15 years subsequent
thereto unto the day defendant conveyed to plaintiff; that said
taxes amount to a large sum to-wit, $100, which will be made
a charge upon the same, to-wit, the undivided one-seventh part of
said land. That, whether the sale to the State be good or
void, it is a claim against the land against which defendant
covenanted, and which plaintiff before bringing this suit made
demand upon the defendant to satisfy and clear up, which de-
fendant refused to do.

"That he called upon defendant before bringing this suit
to discharge the lien of said taxes. That at the time of taking
the conveyance and accepting the deed said outstanding tax
title was unknown to plaintiff, and he had no notice thereof;
that he was non-resident of the State, residing in Pennsylvania

at the time he accepted the deed and relied upon the covenants of the deed and the statements of defendant, and was in no way advised of the infirmity of the title until 1902, when he made a demand upon defendant to clear up the title, etc. That he has paid $44 taxes on the land.

"That the outstanding title to one-seventh is a claim that prevents him from being able to sell the land, and his title to the 200 acres is not a marketable title to the whole of it, and is not a quiet title, and is a damage to the plaintiff of $500.

"That, immediately upon becoming advised of the outstanding title to the undivided one-seventh, he made demand upon defendant to clear it up, which he refused to do.

"That plaintiff cannot sell the land unless the adverse outstanding title to the one-seventh part of it is removed or cancelled, and that by reason thereof he hath instituted suit against Short in Lonoke County to cancel his title to the one-seventh bought by him from the State, * * * and prays judgment for $500 damages."

The defendant demurred to the last amendment. The court sustained the demurrer.

On the 3d day of August, 1907, the plaintiff again amended his complaint by showing that he had instituted suit to cancel and set aside the deed of Commissioner of State Lands to J. O. Short to an undivided one-seventh part of the 200 acres of land, and "that on 22 May, 1907, the chancery court of Lonoke County duly entered a decree in favor of plaintiff cancelling said tax sale, and adjudged the costs against the plaintiff, and attorney's fees for $100; that it was the duty of defendant, Dudley E. Jones Company, to have cancelled said tax title and to have paid the costs of proceeding, which it had refused to do; praying judgment, in addition to damages claimed in the bill, for said costs and attorney's fees.

On motion of the defendant, the court struck the last amendment from the files of the court; and the plaintiff by bill of exceptions restored it to the files, and, electing to stand upon

his complaint as amended, the court dismissed his action, and he appealed.

The last amendment reduces the claims for incumbrances to the taxes assessed against the lands, and which were liens when Dudley E. Jones Company conveyed to Seldon. But appellee says the State has no lien, because Short paid the taxes when he purchased the land.

It is said in *Coats* v. *Hill,* 41 Ark. 149, 152: "By our laws taxes are *glebae ascripti*—serfs of the soil—a charge which follows the land in whosever hands it may go. And if the tax sale may be invalid to divest the title of the former owner by reason of irregularities and failure of the officers properly to discharge their duties, yet the purchaser is subrogated to the lien of the State." When the deed executed to the State to Short was set aside, he became subrogated to the lien for taxes. *Haney* v. *Cole,* 28 Ark. 299; *Hare* v. *Carnall,* 39 Ark. 196, 202. The taxes were unpaid. Appellee's covenant with appellant to "warrant and defend the title to said lands against all claims whatever" was broken, and appellant was entitled to maintain his action thereon. *Johnson* v. *Hollensworth,* 48 Mich. 140. But if the "incumbrance has inflicted no actual injury upon him, and he has paid nothing towards removing or extinguishing it, he can only recover nominal damages." *Willets* v. *Burgess,* 34 Ill. 494; *Bundy* v. *Ridenour,* 63 Ind. 406; *Norton* v. *Colgrove,* 41 Mich. 544; *McGuckin* v. *Milbank,* 152 N. Y. 297; *Eaton* v. *Lyman,* 30 Wis. 41; 11 Cyclopaedia of Law and Procedure, 1165 and cases cited.

The court erred in striking appellant's amendment from the files of the court.

The judgment of the circuit court is reversed, and the cause is remanded with directions to the court to overrule the motion and for further proceedings.