THE STATE BANK and Others *v.* TWEEDY and Others.

May Term, 1847.

Five promissory notes, payable at different times, were secured by the same mortgage on real estate. The payee assigned to *A.* three of the notes; and he afterwards assigned the other two, with the mortgage, to *B.*, who had no notice of the previous assignment to *A.* The notes assigned to *B.* became due before the others. *Held,* that the notes were payable, out of the fund arising from a sale of the property mortgaged, according to the order of time in which they fell due.

THE STATE
BANK
v.
TWEEDY.

| 8b | 447 |
| 135 | 160 |
| 135 | 165 |

APPEAL from the *Elkhart* Circuit Court.

Monday, July 12.

PERKINS, J.—The plaintiffs below, *Tweedy, Mozier,* and *Tweedy,* filed in the *Elkhart* Circuit Court their bill in chancery against the State Bank of *Indiana* and *Horace Cook* and wife, for the foreclosure of a mortgage. Answers and cross-bills followed, upon which, with the original bill and the exhibits filed, the cause was submitted to the Court and a decree rendered in accordance with the prayer of the plaintiffs.

There is but one question in the case, and that arises upon the following facts:

On the 18th of *March,* 1839, *Horace Cook* and wife executed to *Alexis Coquillard* a deed of mortgage covering three thousand acres of land, conditioned for the payment of 5,000 dollars in five annual instalments of 1,000 dollars each, for which instalments promissory notes were also given severally payable according to the coming due of the instalments. At some unstated time after the reception of the notes and mortgage, *Coquillard* assigned the last three of the notes unaccompanied by the mortgage, to the State Bank of *Indiana.* At an unstated time subsequent to this assignment to the bank, *Coquillard* assigned the remaining two notes, being those first falling due, with the mortgage, to *Tweedy* and others, the plaintiffs in this suit, they having no notice of the previous assignment to the bank. At the *October* term, 1842, of the *Elkhart* Circuit Court, and on the same day of the term, the plaintiffs in this suit and the bank obtained judgments at law, on their respective notes, against *Cook,* the maker of them. No property other than that embraced in the mortgage (and that was not taken), could be found to satisfy executions on these judgments, and both *Cook* and *Coquillard* were wholly insolvent. In the spring of 1844, no part of said mortgage-debt being as yet

paid to any person, the present plaintiffs filed their bill against *Cook* and wife for the foreclosure of the mortgage, making the bank also a party.

The mutual allegations of the parties disclosed the foregoing facts, upon which the Circuit Court decreed that the mortgaged premises should be sold, and the proceeds applied, first, to the payment of the plaintiffs' claim, they holding the two notes that first became due, and, secondly, to the payment of the claim of the bank.

The bank complains of this decree, and insists that she, being the first assignee of a part of the mortgage-debt, should be first paid in full, or, at any rate, should come in for a *pro rata* distribution with the plaintiffs. The plaintiffs, on the other hand, insist that the decree is right—that as they hold the two notes, secured by the mortgage, that first fell due, no matter when assigned, they are entitled to priority of payment out of the mortgaged property, and that the rule of law in such cases is, that the notes secured must be paid out of that property in the order in which they become due, whenever it becomes necessary to resort to the mortgage-fund.

The question in controversy cannot be decided upon the authorities, for they support and oppose all the above modes of determining it.

In *Donley et al.* v. *Hays*, 17 S. & R. 400, the Supreme Court of *Pennsylvania* decided, in a case much like the present, that the proceeds of the mortgaged property should be divided, *pro rata*, among all the notes alleged to be secured by the mortgage, without regard to their times of falling due, or the dates of their assignment. Chief Justice *Gibson*, however, dissented, and held that the note first assigned should be first paid in full, and *Smith*, Justice, gave no opinion. In *Cullum et al.* v. *Erwin*, 4 Alabama R. 452, the Supreme Court of that state followed the dissenting opinion of Chief Justice *Gibson*, and held that the assignment of any one of the notes mentioned in the mortgage carried with it, *pro tanto*, the mortgage, and should first be satisfied out of the mortgaged property. In *The Bank of the United States* v. *Covert et al.*, 13 Ohio R. 240, the rule is declared to be, that "different debts, secured by the same mort-

gage, are to be paid from the mortgage-fund in the order in which they fall due;" and in *New Hampshire*, after foreclosure, the property is treated as payment *pro tanto*, and if more notes than one are secured, and only one is due at the time of entry, the payment is applied to that one. *Hunt* v. *Stiles*, 10 N. H. 466.—1 Hilliard, 469, note.

This state of the authorities leaves the question, How is the mortgage-fund to be applied in payment of notes secured falling due at different times? an entirely open one for our consideration, and for decision upon general principles. That application, it seems to us, should depend upon the nature of the mortgage-contract. What, then, is the proper meaning or construction to be given to a mortgage in the common form, executed to secure a debt evidenced by several promissory notes payable at different times? That meaning or construction must depend much upon the law of the remedy or remedies upon such notes and mortgage, for these contracts as well as others are made under, and with an eye to, the laws governing their enforcement. In this state, if no statute interpose, a mortgage securing a debt payable by instalments, may be foreclosed on default of payment of the first instalment, and the mortgaged property sold for the payment of that instalment. *Andrews* v. *Jones*, 3 Blackf. 440. By our Revised Statutes of 1843, p. 461, such is, from that time, made the law by express enactment. From 1831 to 1843, embracing the period in which the mortgage in this case was executed, we had a statute prohibiting the foreclosure of mortgages till the last instalments of the debts specified in them became due; but it was decided in *Youse* v. *M'Creary*, 2 Blackf. 243, that, during the same period, if the mortgagee held notes for the payment of the money secured by the mortgage, he might proceed at law upon them as they became due, and sell the mortgaged premises on execution; and that the purchaser at such sale would take a title free from the incumbrance of the mortgage. The law, then, may be stated in general terms to be, in this state, that the holder of the first of several notes secured by a mortgage may, if he choose, when that note becomes due, enforce the full payment of it out of the mortgaged premises, they being sufficient for that

purpose; and that the holder of the second note may, in like manner, obtain priority over the third, and so on.

Such being the law, the legal effect of a mortgage-contract, such as is now under consideration, where several notes accompany the mortgage and it is controlled by no express stipulation of the parties, must correspond to the law; and this, whether the notes are in the hands of the payee or an assignee, and whether they are all or but a part of them due at the time of suit upon any one of them; for suppose the second note first assigned, that does not render it first collectible, and cannot prevent a subsequent assignee of the first note, on its coming due, proceeding to collect it out of the mortgage-fund.

It cannot be stated then, as a general proposition, that in this state, the assignment of any one of the notes secured by a mortgage, carries with it, either *pro rata* or *pro tanto*, a corresponding portion of the mortgage-security; but, as appears from what has been said, the effect of such assignment is to carry a *pro tanto* interest in that security subject to the paramount claim of notes previously due. The different instalments in a mortgage, when secured by corresponding notes, may be regarded as so many successive mortgages, each having priority according to its time of becoming payable.

The rule thus settled as a general one will also, as we think, be likely to lead less often to injustice as between the several holders of notes secured by the same mortgage, than any other we could establish.

Such being in our view the nature of the contract and the law of the case, it follows that the decree of the Circuit Court was right, and must be in all things affirmed.

*Per Curiam.*—The decree is affirmed with costs.

*J. L. Jernegan*, for the appellants.

*J. Morrison* and *S. Major*, for the appellees.