## HARRIS v. HARLAN.

By taking a mortgage to secure unpaid purchase-money, the vendor of real estate waives the implied equitable lien which he might otherwise have had for the payment thereof, and creates an express lien.

As to the question of priority between the holders of notes for installments of purchase-money secured by mortgage, *Hough* v. *Osborne,* 7 Ind. R. 140, is followed.

The holder of the junior of two such notes need not be made a party to an action by the holder of the senior note to foreclose, notwithstanding the statute requiring that all persons having an interest in the subject of the action shall be made parties.

APPEAL from the *Grant* Circuit Court.

HANNA, J.—*Harris,* as assignee, sued *Harlan,* as assignor, of a promissory note, averring that at the time the note became due, the maker thereof was insolvent, &c.

*Harlan* answered, first, in denial; second, that the note, which was for 100 dollars, was, together with a mortgage to secure the payment thereof, given for a part of the purchase-money of certain real estate; that the same was of the value of 300 dollars, and was so mortgaged.

The plaintiff replied, admitting that the note and mortgage were so executed, but averring that there was another note for a part of the purchase-money, for 125 dollars, that was also included in said mortgage security, and that suit had been brought upon said note and to foreclose said mortgage, and that such proceedings were had as resulted in a judgment for the amount of that note (the same being due one year before the one now in controversy), and a foreclosure and sale of the mortgaged premises; and that, therefore, the security was exhausted.

There was a demurrer sustained to this reply, which presents the principal question in the case.

It is not shown that the holder of the note upon the assignment of which suit is now brought, nor the defendant in this case, had notice of the proceedings to foreclose. It is insisted that they should have been made parties to that suit. And it is further suggested that as both notes were given for parts of the purchase-money, the fact that

one was made payable at an earlier day than the other, did not give the holder of that note a prior and exclusive lien as against the holder of the note for the deferred payment.

By taking a mortgage to secure the unpaid purchase-money, the vendor waived the implied equitable lien which he otherwise might have had for the payment thereof, and created an express lien. Although the implied and express liens are both intended to effect the same purpose, and both on the same property, yet they are, in their nature, so different, that they cannot both exist as to the same object, at the same time, and for the same purpose, because they are inconsistent. One is a mere equity, based upon the idea that the vendee holds the legal estate in trust for the payment of the vendor. The other puts the legal title in the vendor, and makes him the trustee— destroys, or at least merges, the implied lien, by creating the express lien, and throwing the trust on the vendor, the mortgagee.

We suppose, then, that the mortgage, so far as any question is raised as to priority, in the case at bar, would be governed by the rules applicable to ordinary mortgages executed to secure money payable by installments. That question has been settled by this Court. *Hough* v. *Osborne*, 7 Ind. R. 142.

The next question is, whether the payee or holder of the note last due, was a necessary party to the proceedings to obtain judgment upon, and foreclose as to the first note. It is laid down in the case above cited, that "the rule is, that notes due at different times are like so many successive mortgages." If this is so, we cannot perceive the necessity for making the holder of the later note—the junior mortgage—a party to the proceedings upon the one that matured first, notwithstanding the statute which requires that all persons having an interest in the subject of the action should be made parties. The subject of the action, it is true, in one sense, is the foreclosure of the mortgage; but it is not the foreclosure of the whole mortgage, necessarily, but, if we may use the expression, the

senior portion of it—that part intended and operating as a security for the payment of the note first maturing.

The plaintiff's action was founded upon the assignment of the note, and not upon the proceedings had to foreclose as to the first note, and, therefore, it was not necessary to file a transcript of said proceedings with the reply; nor do we decide whether they are conclusive or not, as proof of the facts set up in said reply.

The demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Steele* and *H. D. Thompson*, for the appellant.

*H. S. Kelly*, for the appellee.