## LANGSDALE v. MILLS.

MORTGAGE. — *Foreclosure.* — *Junior Mortgagee.* — *Decree.* — *Sale.* — The assignee of a note secured, with two junior notes, by a mortgage on land, brought suit to foreclose, and the mortgagee filed a cross complaint to foreclose upon the two junior notes, still held by him and not yet due when judgment was rendered in the cause for said assignee and a decree made for the sale of the land in parcels, directing, that "if the proceeds of the sale of any such part or parts of said real estate shall prove sufficient to satisfy said judgment and accruing costs, the further sale shall be suspended until," &c., when said mortgagee's "first note becomes due, when said sale shall be resumed, to pay that note;" and that upon selling sufficient to pay the same there should be another suspension until the remaining note would mature, &c. The mortgagee replevied the judgment thus rendered in favor of said assignee, and, the first of said junior notes having matured, the sheriff sold to satisfy it, and the mortgagee purchased, for the amount of the two notes held by him, one of which was not yet due, and costs, certain parcels, including a portion which had been purchased subject to said mortgage, by a third person.

*Held*, that, under said decree, there could be no sale to satisfy the notes held by the mortgagee until after the judgment in favor of said assignee was satisfied; and that said sale was properly set aside on the motion of said third person.

APPEAL from the Marion Common Pleas.

FRAZER, C. J.—This was a motion by Mills to set aside a sheriff's sale of real estate to Langsdale. The facts were, that Gay had brought a suit to foreclose a mortgage on lands, made by one Bond to Langsdale, to secure four promissory notes, one of which had been paid. The second note maturing, for five thousand six hundred dollars, was held by Gay, and the remaining two, each for a like sum, were still held by Langsdale, and were not due when judgment was rendered in the cause. Langsdale had filed a cross complaint, also seeking a foreclosure as to the notes held by him. Mills had purchased a part of the lands, subject to the mortgage. There was a final judgment for Gay for four thousand one hundred and thirty-six dollars and forty-three cents, and a decree for the sale, in parcels, of the mortgaged premises, to satisfy the same; and that "if the proceeds of the sale of any such part or parts of said

real estate shall prove sufficient to satisfy said judgment and accruing costs, then the further sale shall be suspended until August 23d, 1868, when Langsdale's first note becomes due, when said sale shall be resumed to pay that note;" and it was directed that, upon selling sufficient lands to do so, there should be another suspension of sale until August 23d, 1869, when the remaining note held by Langsdale would mature, &c. Langsdale replevied the judgment thus rendered in favor of Gay, and thereupon the sheriff proceeded to sell the lands to satisfy Langsdale's note due August 23d, 1868, that day having now passed, upon a copy of the decree issued to him on the 24th of August, and Langsdale purchased three parcels of the land, including Mills' purchase, for thirteen thousand five hundred and forty-seven dollars and eighty cents, being the amount of his two notes (one not yet due) and costs. The sale was made on the 19th of September, 1868. The motion was sustained, and the sale set aside. Langsdale appeals.

We think that the action of the court below was correct. As we understand the decree of foreclosure, there could, under it, be no sale to satisfy the notes held by Langsdale until after Gay's judgment was satisfied. The question is not what that decree ought to have been, but what it is. While it remains in its present form, any sale made under it, not authorized by its terms, cannot stand.

Affirmed, with costs.

*L. Barbour, C. P. Jacobs, B. K. Elliott,* and *C. A. Holstein,* for appellant.

*H. C. Newcomb, J. L. Mitchell,* and *W. L. Ketcham,* for appellee.