## REED *v.* WARD.

REAL ESTATE, ACTION TO RECOVER.—*Sheriff's Sale.*—*Redemption.*—*Evidence.*—A widow, to secure the payment of a debt, mortgaged certain land devised to her for her life by her deceased husband, and the mortgagee went into possession, though the mortgage did not, by its terms, entitle him to the possession. Afterwards, a judgment was obtained against her by another person, and the land was sold under said judgment to still another person, for less than the amount of the judgment. Before the end of a year from the date of said sale, the mortgagee redeemed the land from said sale, and another execution was issued on said judgment, and the land was again sold thereunder to the same purchaser, who, after the expiration of a year, received the sheriff's deed. The mortgagee foreclosed his mortgage, and at the foreclosure sale bought in the land and received the certificate of purchase, on which he was not yet entitled to a deed, when an action for possession was commenced against him by said purchaser, who had received said sheriff's deed, or when said action for possession was tried, the plaintiff having demanded possession of the defendant before the commencement of said action.

*Held*, that the plaintiff was entitled to recover possession of the land.

*Held*, also, that said redemption by the mortgagee did not vest in him the title, nor did said redemption or the mortgage give him the right of possession.

*Held*, also, that on the trial it was not error to permit the plaintiff to introduce in evidence the execution under which he purchased and the return thereon.

*Held*, also, that the failure of the sheriff to show in said return that he made demand for personal property before levying on the realty could not invalidate the title of the purchaser, who was not a judgment plaintiff.

*Held*, also, that it was not error to permit the plaintiff to introduce in evidence the will under which said widow held said life estate, or the record of a proceeding in partition wherein, by order of the court, said land was conveyed to her for life, or proof of the rental value of the land, of which the defendant wrongfully held possession, which he had refused to yield on demand.

From the Fountain Circuit Court.

*G. McWilliams* and *J. Ristine*, for appellant.

*L. Nebeker* and *S. M. Cambern*, for appellee.

DOWNEY, J.—The appellee sued the appellant, alleging in his complaint that he was the owner for the life of Mary Ann Savage, and entitled to the possession of certain real estate described in the complaint, of which the defendant had pos-

session without right; and that he kept the plaintiff out of possession, etc.

The defendant answered in four paragraphs. The first was a general denial, and the others were special paragraphs. On motion of the plaintiff, the special paragraphs were struck out. There was a trial by the court without a jury, and a finding for the plaintiff. A motion by the defendant for a new trial was overruled, and final judgment was rendered for the plaintiff.

There are several specifications in the assignment of errors, but only two questions are properly made, the striking out of the special paragraphs of the answer, and the refusal to grant a new trial.

The first question cannot be considered, for the reason that the rejected paragraphs are not properly in the record by bill of exceptions. There is a bill of exceptions which refers to this ruling, but the special paragraphs are not set out in it so as to become a part of the record.

Several grounds were stated in the motion for a new trial:

1. That the finding of the court is contrary to law.

2. It is contrary to the evidence.

3. Admitting in evidence the execution and return thereon.

4. Admitting in evidence the will of Alanson Savage.

5. Permitting evidence of the rental value of the land.

6. Admitting in evidence the record of partition between Josiah Rhodes and others and Nebeker and others.

7. Excluding the testimony of Hardy Savage as to the ownership of the land in controversy.

8. Excluding the testimony of Sampson Reed as to any gift made of said land by Alanson Savage to Hardy and Henry Savage prior to his death.

9. Excluding the evidence of Sampson Reed as to his purchase of the life estate of Mary A. Savage prior to the rendition of the plaintiff's judgment.

10. Striking out the second, third and fourth paragraphs of the answer.

The following are the leading facts in the bill of excep-

tions:   That the land was devised by Alanson Savage to Mary Ann Savage, his wife, for her life, by his will, which is dated in 1867, and was proved and recorded in 1868; that on the 2d day of February, 1871, she mortgaged the real estate to the appellant, to secure the payment of a debt, and he went into possession of the premises; September 1st, 1871, Nebeker and Gish recovered judgment against her and another person; September 13th, 1871, an execution was issued on this judgment and levied upon the lands, subject of course to the lien of the mortgage; December 2d, 1871, the land was sold on execution and purchased by the appellee for twenty dollars; November 2d, 1872, the appellant redeemed by paying the amount of the purchase-money, etc.; November 23d, 1872, another execution was issued on the judgment; December 28th, 1872, the land was again sold, and purchased by the appellee for six hundred and eighty-four dollars and seventy-two cents; January 9th, 1874, appellee received a deed from the sheriff; June 30th, 1873, the appellant obtained judgment foreclosing his mortgage; and on August 9th, 1873, he purchased the land at sheriff's sale and obtained a certificate of purchase, on which he was not yet entitled to a deed when this action was commenced, March 4th, 1874, nor when the trial took place. Possession of the premises was demanded of the appellant, before the action was commenced.   The mortgage did not, by its terms, entitle the appellant to possession of the land mortgaged.

It seems to us that upon this state of facts the appellee was entitled to judgment for the possession of the land. The redemption of the land by the appellant did not vest in him the title to it, or give him any right to the possession thereof.   *The State, ex rel. Allen,* v. *Sherill,* 34 Ind. 57; and *Davis* v. *Langsdale,* 41 Ind. 399.

The appellant was not entitled to the possession of the mortgaged premises by virtue of the mortgage.   It was not so stipulated therein.   It is provided by statute, that "unless a mortgage specially provide that the mortgagee shall have

possession of the mortgaged premises, he shall not be entitled to the same." 2 G. & H. 355, sec. 1.

We do not think any question is before us for decision as to whether the appellant had or has the right to redeem under the sale made on the second execution issued on the judgment of Nebeker and Gish or not. That question is in no way presented by the record.

We have examined the more particular reasons assigned for a new trial, and do not think that any of them should have been sustained. The execution and return were links in the chain of facts necessary to show the title of the plaintiff. It is said in the brief of counsel that the return does not show a sufficient notice of the sale; but no particular defect is mentioned, and we have not discovered any. Also, it is urged that the return does not show that a demand was made for personal property before levying on the realty. This omission in the return cannot invalidate the title of the purchaser. It will be presumed that the sheriff did his duty in this respect. The purchaser in this instance was not a judgment plaintiff.

We think the will of Alanson Savage was properly admitted in evidence. By it he devised to his wife, Mary Ann Savage, an estate for life in the lands. In the partition suit, the land devised was, by order of the court, conveyed to her for life, and the remainder to the sons of the deceased. We see no valid objection to the record of the partition suit as evidence in this case. The will, the record in the partition suit, and the deed made therein were introduced to show title in Mary Ann Savage, the execution defendant, under whom both the plaintiff and defendant claimed.

The evidence of the rental value of the land was competent with reference to the damages which the plaintiff should recover, the defendant having been in possession of the premises and having refused to yield the possession to the plaintiff on demand. The exclusion of the evidence referred to in the seventh, eighth and ninth reasons for a new trial was correct. There was no offer of any evidence of an act com-

petent to pass the title to real estate. The tenth reason is not a ground for a new trial, and that question has already been disposed of under another assignment.

The judgment is affirmed, with costs.