## COVERT ET AL. v. BRAY, JR.

[No. 3,745.   Filed May 28, 1901.]

INJUNCTION.— *Judgments.*— *Execution Sales.*— Plaintiff obtained a judgment foreclosing a mortgage, and one of the defendants in the same proceeding obtained a judgment against the same defendant on a cross-complaint. The court ordered the property sold, the proceeds to be first applied to the payment of plaintiff's judgment and costs, and the balance to be applied to the cross-complainant's judgment. The sheriff advertised the property in accordance with the decree, and on the day before the day set for the sale cross-complainant entered himself replevin bail for the judgment of plaintiff, and the order of sale was returned and the property readvertised. Before the sale occurred the court on the complaint of the plaintiff issued an order restraining the sheriff from selling the property upon the cross-complainant's judgment. *Held,* that plaintiff was not entitled to injunctive relief.

From the Vanderburgh Superior Court.   *Reversed.*

*F. B. Posey, D. Q. Chappell* and *C. L. Wedding,* for appellants.

*J. T. Walker, J. T. Cutler* and *G. A. Cunningham,* for appellee.

COMSTOCK, J.—The appellee in this case obtained a judgment in the superior court of Vanderburgh county against Thomas N. Beidleman, foreclosing a mortgage for $896.33. The appellant, Wedding, one of the defendants in the same proceeding, obtained a judgment upon his cross-complaint against John Houghland, the then owner of the property, for $1,256.80. The court ordered the property described therein to be sold by the sheriff to satisfy the said judgments, and the proceeds to be applied, first, to the payment of the judgment, interest, and costs due the appellee Bray

from Beidleman, his claim being a prior lien, the balance to be applied on the claim of appellant Wedding against Houghland. The sheriff thereupon advertised the real estate as required by the decree, and upon the day before the day set for the sale by the sheriff, appellant Wedding entered himself replevin bail for the judgment of the appellee Bray, and thereupon the order of sale was returned. Wedding, upon the day following, caused another copy of the order to be issued to the sheriff, and said property was advertised for sale on the 4th day of August, 1898. The notice of sale as the same was published by appellant is as follows: "Sheriff's sale No. 273 (re-advertised.) By virtue of an order of sale issued out of the office of the clerk of the superior court of Vanderburgh county, in the case of Madison J. Bray, Jr., and against Thomas N. Beidleman, et al.," etc., and is in form exactly like the first advertisement of sale except the word "re-advertised." At the time of the second advertisement the stay was entered upon the decree as follows: "I hereby acknowledge myself replevin bail for the within judgment in favor of Madison J. Bray, Jr., with costs and accruing costs. Charles L. Wedding." Five days before the sale was advertised to take place appellee brought suit to restrain the appellants Wedding and Covert, sheriff, from selling the property upon the judgment and decree in favor of Wedding, upon the ground "that the sale or offer for sale of said real estate under said order of sale now in the hands of the sheriff prior to the expiration of said stay will be irregular and illegal and will cast a cloud upon the plaintiff's rights under said decree and will cause him irreparable damage and injury for which he will have no adequate remedy at law." Wedding filed a sworn answer to said application and asked that no injunction be granted and that the proceedings be dismissed for want of equity. The answer alleges that "the said defendant holds a second claim on said real estate which is wholly inadequate and insufficient to pay both of said judgments and decrees against it, it not being

worth exceeding $1,300, while the two judgments and decrees are about $2,200, and, as shown in said records copied into plaintiff's complaint, said plaintiff's claim is first and prior upon said real estate, and the defendant is now seeking a sale upon his judgment and decree in all respects subject to the prior claim of said plaintiff; that this defendant, being duly qualified to do so, stayed said plaintiff's judgment, because it was not convenient for him to pay off said claim at the time of said sale in the event that he became the purchaser, which he is likely to be, or there will be no sale; that he stayed said plaintiff's judgment as set out, and that his own judgment and decree were not stayed, or in any way postponed or delayed, and that he is entitled to sell said real estate subject to said plaintiff's claim. That the charge and claim by said plaintiff that said sale by said defendant on his judgment will cause said plaintiff irreparable damage for which he will have no remedy is groundless, not only for the facts recited, but for the further reason that said defendant Charles L. Wedding is in all respects and unconditionally liable for the judgment of the said plaintiff, interest, and costs, as replevin bail, and said judgment is a valid, subsisting, and undisputed lien upon all the defendant's real estate in Vanderburgh county, Indiana, and that said defendant owns by absolute deed in his own right unencumbered real estate in said county of the value of more than $10,000, or more than ten times the amount of said plaintiff's judgment, interest, and cost, and hence by said stay said plaintiff not only holds his priority upon said mortgaged lot, but has a prior and first lien on more than $10,000 worth of unencumbered real estate, hence defendant says that no possible harm can come to the said plaintiff by said defendant's sale, but, on the other hand, if the sale is delayed and enjoined by this court, this defendant will be seriously and probably irreparably injured for three reasons. As shown, said property is wholly insuffi-

cient to pay the defendant's claim; that the defendant John Houghland is probably insolvent, but defendant hopes, if he can get execution issued promptly after said sale August 4, 1898, that he can find personal property out of which he can make the balance on part of his judgment, which will be at least $1,000, after said mortgaged property is exhausted, and that his judgment is not stayed or secured, yet he is not able to proceed upon it till he has sold said real estate, as no execution can be issued, in his opinion, till such sale, and that delaying his sale till the stay on said Bray's judgment expires would not only embarrass him by the delay, and occasion him loss, but would render less effective and probably useless any efforts on his part to collect by execution the balance of his said judgment.

Upon the complaint and this answer and motion a temporary restraining order was issued and exception duly taken. Afterwards, to wit, on the 6th of September, the sheriff, Covert, filed his separate answer stating that a decree and order of sale was in his hands showing that the judgment in favor of Bray was duly stayed before the serving of said decree, and that the judgment and decree in favor of Wedding were not stayed; that he was proceeding to sell said real estate as Bray was informed upon the judgment and decree in favor of Wedding in all respects subject to the prior judgment and lien of Bray, and that as a part of his official duty in said sale he would show by proper return on said order of sale that the sale was upon the judgment and decree in favor of Wedding only, and in all respects subject to the prior judgment and lien of Bray. Upon the same day appellant Wedding filed another answer and motion to dissolve the temporary injunction granted and to dismiss the appellee's suit, reciting virtually the same facts set out in the prior answer, and in addition showing that the sheriff was instructed and informed that the sale was upon the decree in favor of Wedding, and that said facts should be shown by proper announcement and return of the sheriff.

Demurrers were sustained to these answers, exceptions taken, and appellants failing to plead further a perpetual injunction was granted Bray as prayed in his complaint.

The errors assigned are that the court erred in granting the temporary restraining order. In sustaining the demurrer to the separate answer of Covert. In sustaining the demurrer to the separate answer of Wedding. In overruling the motion to dissolve the temporary injunction and to dismiss plaintiffs' suit. In granting the injunction. In overruling the motion for a new trial.

Section 1162 Burns 1894 is as follows: "When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce great injury to the plaintiff," an injunction may issue.

"It is not necessary, under our code of practice, to aver or prove that the plaintiff will suffer irreparable injury if the relief by injunction is not granted. All that is necessary is to aver and prove that the plaintiff will suffer *great* injury." *Champ* v. *Kendrick,* 130 Ind. 549, 553; *Erwin* v. *Fulk,* 94 Ind. 235.

High on Injunctions (3rd ed.) §9, says: "Substantial and positive injury must always be made to appear to the satisfaction of a court of equity before it will grant an injunction, and acts which, though irregular and unauthorized, can have no injurious result, constitute no ground for relief." See, also, Spelling on Relief, p. 26. *Miller* v. *Burket,* 132 Ind. 469; *Whitlock* v. *Consumers, etc., Co.,* 127 Ind. 62; *Anthony* v. *Sturgis,* 86 Ind. 479; *Caskey* v. *City of Greensburg,* 78 Ind. 233; *Indianapolis, etc., Co.* v. *City of Indianapolis,* 29 Ind. 245.

In High on Injunctions, *supra,* at §28, it is stated: "It is always a sufficient objection to the granting of an injunction that the party aggrieved has a full and adequate remedy at law, and it is a well established rule that courts of equity

will not lend their aid for the protection of rights or the prevention of wrongs when the ordinary legal tribunals are capable of affording a sufficient redress. And when it does not appear that the remedy at law is inadequate, or that the party aggrieved is entitled to more speedy relief than can be obtained by the ordinary process of courts of law, an injunction will be refused."

We are unable to see that the appellee was threatened with great injury, or with any injury. The judgment gave him the first lien on the real estate. When replevin bail was entered he was given a lien on additional unencumbered real estate of more than $10,000 in value. Under §709 Burns 1894 this recognizance of bail had the effect of a judgment confessed from the date thereof against the appellant and his property. Granting that the sale would be irregular and illegal, it could not have done him great or irreparable injury, because he was protected amply without the security of the property ordered to be sold.

Counsel for appellee say that there is no provision for the stay of a part of a judgment, and that there are decisions to the effect that there can be no stay of part of a judgment, citing *Sterne* v. *McKinney,* 79 Ind. 578; *Baker* v. *Merriam,* 97 Ind. 539. These cases so hold, but in the case at bar the judgments in favor of Bray and Wedding were separate judgments. The judgment of Bray, only, was stayed.

Counsel for appellee cite *Langsdale* v. *Mills,* 32 Ind. 380, as conclusive upon the proposition that there could be no sale to satisfy appellants' judgment until after appellee's judgment had been satisfied. In the case referred to, Langsdale, who was made a party defendant in a foreclosure suit, filed his cross-complaint and had a judgment upon his claim which was junior to that of the plaintiff Gay. He replevied the judgment in favor of Gay, and the sheriff sold the land to Langsdale upon his claim. Mills, the owner, moved to set aside the sale. His motion was sustained, and the decision was affirmed by the Supreme Court in the following language: "We think that the

action of the court below was correct. As we under-stand the decree of foreclosure, there could, under it, be no sale to satisfy the notes held by Langsdale until after Gay's judgment was satisfied. The question is not what that decree ought to have been, but what it is. While it remains in its present form, any sale made under it, not authorized by its terms, can not stand." The sale was set aside at the instance of the owner of the property. It can be readily seen that an unauthorized sale of property by a judgment creditor would cast a cloud upon the title of the owner and damage him. The situation of the owner of the property and a judgment lien holder are not necessarily in all respects the same. Title is in one, but not in the other. The ground upon which the right to injunctive relief rests is that the party seeking it is about to suffer or is threatened with great injury for which there is no legal adequate remedy. The facts set up in the answer show that as to appellee that condition did not exist.

The conclusion reached renders it unnecessary to con-sider the effect of certain allegations contained in the re-spective answers of the sheriff and of appellee Wedding, which are discussed by counsel but have not been referred to in this opinion. After the submission of the cause, upon application of appellant Covert, the appeal as to him was dis-missed. The judgment is reversed as to appellant Wedding and the trial court directed to overrule appellee's demurrer to his separate answer, and for other proceedings not incon-sistent with this opinion.