NOVEMBER TERM, 1915. 615

Fort Wayne, etc., Supply Co. *v.* Pfeiffer—60 Ind. App. 615.

## FORT WAYNE BUILDERS SUPPLY COMPANY *v.*
## PFEIFFER ET AL.

### [No. 8,943. Filed January 28, 1916.]

1. MORTGAGES.—*Foreclosure.*—*Equitable Right of Redemption.*—
   The general equitable right of redemption is barred by the de-
   cree of foreclosure. p. 618.

2. MORTGAGES.—*Foreclosure Sale.*—*Right of Redemption.*—*Junior
   Judgment Lien.*—Where plaintiff in a foreclosure suit, to which the
   holders of a junior judgment lien were made parties defendant, ob-
   tained a personal judgment against the mortgagor in addition to
   the other relief granted by the foreclosure decree, and in addition
   to the provision for sale the decree determined the status of the lien
   of such defendants, the sale thereunder, at which the plaintiff bid
   in the property for the amount of its judgment, interest and costs,
   was primarily to satisfy the judgment on plaintiff's mortgage, and
   was not a sale by the holders of the junior judgment lien so as to
   preclude them from the statutory right of redemption under §814
   Burns 1914, §771 R. S. 1881. p. 618.

3. MORTGAGES.—*Foreclosure.*—*Redemption.*—*Affidavit.*—*Sufficiency.*
   —A redemption affidavit by junior judgment lienholders who were
   parties to the foreclosure proceeding, and who had the status of
   their lien established in the decree entered therein, was not insuffi-
   cient, though it was irregular, in not specifically referring to and
   describing their judgment and in describing the foreclosure decree
   instead, since the affidavit could be aided by the contents of the
   instruments or public records mentioned or referred to therein.
   pp. 622, 624.

4. STATUTES.—*Remedial Statutes.*—*Construction.*—*Redemption from
   Judicial Sales.*—Statutes authorizing redemptions of real estate
   from judicial sales are remedial in character and, while strictly con-
   strued to determine the classes that come within their provisions,
   and the time for redemption, are liberally construed to make them
   effective as to those that come within their provisions. p. 624.

5. MORTGAGES.—*Foreclosure Sale.*—*Redemption.*—*Construction of
   Statute.*—Where the holder of a junior lien has tendered to the pur-
   chaser at foreclosure sale the full amount of his claim, the redemp-
   tion will be sustained notwithstanding the affidavit was in some re-
   spects irregular, and especially where neither the mortgagor nor
   other junior lienholders are interposing any objection, since under
   such circumstances the statute authorizing such redemption will
   be liberally construed. p. 625.

From Allen Circuit Court; *J. W. Eggeman*, Judge.

Action by the Fort Wayne Builders Supply Com-
pany against Henry Pfeiffer and others. From a

judgment for defendants, the plaintiff appeals. *Affirmed.*

*Leonard, Rose & Zollars,* for appellant.

*John H. Aiken* and *Underwood & Geake,* for appellees.

FELT, P. J.—This is a suit by appellant against appellees to quiet title to certain real estate. The complaint is in two paragraphs. The first is in the usual short form. The second contains the same general allegations as the first and in addition thereto sets out in detail the facts relied upon to show title, which facts involve two judicial sales of the real estate in controversy, one of which, to appellees, is alleged to be void. The appellees filed answer in general denial and also a cross-complaint against appellant in which they claimed to be the owners of the real estate and asked to have their title quieted. Appellant answered appellees' cross-complaint by general denial and by a paragraph in which it was alleged in substance that appellees were parties to a foreclosure suit by appellant in which the property in controversy had been sold at judicial sale and purchased by appellant; that appellees failed to bid at the sale but have attempted to redeem from it and to have a resale of the property at which they became the purchasers and on which they claim title; that such redemption and sale were void and appellees were estopped from redeeming from the sale in the foreclosure proceedings at which appellant became the purchaser. The court found for appellees and rendered judgment in their favor on their cross-complaint quieting their title to the real estate. Appellant's motion for a new trial was overruled and this appeal prayed and granted.

The error assigned and relied on for reversal is the overruling of the motion for a new trial. The

substance of the motion is that (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law and (3) error in the admission of evidence.

To comprehend the question presented requires a more detailed statement of the facts involved. William Bartenick was a building contractor and owned the land in controversy. Appellant recovered judgment against him in the Allen Circuit Court for materials and appellees obtained judgment against him in the Allen superior court. The real estate of Bartenick was encumbered by two mortgages. Appellant acquired the mortgages, brought suit to foreclose them and made defendants to that suit, the owners of the real estate, the appellees and their wives and other persons alleged to claim some interest in or lien upon the real estate. Appellees set up by way of cross-complaint, their judgment subsequent to the execution of the mortgages. Appellant obtained a personal judgment against Bartenick and the foreclosure of the mortgages against all the defendants. The decree also finds "that the defendants, Henry Pfeiffer, and Henry G. Pfeiffer, are the owners of a judgment for $285.28" and fixes the priority of the claims of several parties to the suit. The decree provides first for the payment of costs, second for the payment of the amount due appellant on the judgment foreclosing the mortgages and third for payment of the overplus, if any, in a designated order of priority, in which appellees' claim is the sixth in order and was coördinate with a judgment in favor of appellant, other than the foreclosure judgment. Appellant ordered execution on the judgment and the sale was duly made on June 18, 1912. Appellant was the only bidder and the property was sold to it for the amount of the foreclosure judgment, accrued interest and costs.

On the last day of the year of the redemption, no other judgment creditor having redeemed, appellees filed their affidavit of redemption, paid the clerk of the court the amount of appellant's bid and eight per cent interest, obtained the clerk's certificate of redemption, ordered a writ of *venditioni exponas*, and caused the property to be resold to pay their judgment. The property was duly advertised and sold, appellees became the purchasers on September 17, 1913, and on the same day obtained the sheriff's deed for the property in due form and caused the same to be duly recorded. It also appears that after the sheriff's deed was executed to Henry Pfeiffer and Henry G. Pfeiffer, the latter and his wife duly executed a quitclaim deed to Henry Pfeiffer.

Appellant contends that (1) the sale at which it became the purchaser, was the sale of all the parties who had any lien against the real estate, including appellees; that appellees' only means of protecting their rights under their judgment was to bid at the sale; that it was their own sale and, therefore, they have no right to redeem from it; (2) that if appellees had any right to redeem, their affidavit of redemption was so indefinite and defective as to make the attempted redemption by them absolutely void.

The general equitable right of redemption is barred by the decree of foreclosure. Therefore, appellees' right of redemption, if any, depends upon the provisions of our statutes authorizing redemptions. *Eiceman* v. *Finch* (1881), 79 Ind. 511, 512; *Horn* v. *Indianapolis Nat. Bank* (1890), 125 Ind. 381, 392, 25 N. E. 558, 21 Am. St. 231, 9 L. R. A. 676. Sections 811, 812, 813 Burns 1914, §§768, 769, 770 R. S. 1881, provide the manner of redemptions by owners of the property sold. Section 814 Burns 1914, §771 R. S.

NOVEMBER TERM, 1915.        619

Fort Wayne, etc., Supply Co. *v.* Pfeiffer—60 Ind. App. 615.

1881, provides: "In the absence of a redemption as above provided, by any owner, part owner, or person claiming under either, the real estate sold, or any parcel or parcels thereof sold in one body, may be redeemed at any time within one year from the date of sale, by any judgment creditor, his executors, administrators, or assigns holding a judgment or decree against the defendant whose title or interest shall have been sold, which, at the time he or they offer to redeem, shall be a lien upon such title or interest, and which shall be junior to the judgment under which the property was sold. Such redemption may be made by any person entitled thereto, without regard to the order of priorities of liens; and successive redemptions may be made by the several persons entitled to redeem, in the manner herein provided." Section 815 Burns 1914, §772 R. S. 1881, of the same statute among other things provides: "Any judgment creditor authorized by the preceding section to redeem, who shall desire to redeem from the purchaser at such sale, shall first file with the clerk of the court in whose office the certificate of purchase is required to be recorded, a statement, duly verified by his affidavit, or the affidavit of his agent or attorney, showing the court in which his judgment was rendered, the parties thereto, amount and date thereof, and amount due and unpaid thereon  *  *  *  . He shall thereupon pay to such clerk, for the use of such purchaser, his executor, administrator, or assigns, the amount paid by such purchaser for the real estate  *  *  *  . When such redemption has been made, any other judgment creditor, entitled and wishing to redeem, may do so by filing with said clerk a statement and affidavit similar to those above provided for, and containing, in addition, the name of the preceding redemptioner from whom he wishes to redeem,

620     APPELLATE COURT OF INDIANA,

Fort Wayne, etc., Supply Co. *v.* Pfeiffer—60 Ind. App. 615.

and the particular parcels he wishes to redeem. He shall thereupon pay to such clerk, for the use of the last preceding redemptioner, if the lien of the latter be junior to that of the party now redeeming, his redemption money and interest at the rate of eight per cent per annum thereon and his costs of redemption; or if his lien be senior to that of the party seeking to redeem, he shall pay to the clerk, for the use aforesaid, the judgment of the last redemptioner on account of which his redemption was made and interest thereon, and his costs of suit in addition to the amounts aforesaid; and thereupon such clerk shall issue to him a certificate similar to the one above provided for, and record the statement, affidavit, and certificate in the 'Lis Pendens Record' aforesaid. Subsequent redemptions may be made by other judgment creditors entitled to redeem, substantially in the manner and upon the terms above provided."

As already shown, appellant obtained a personal judgment in the foreclosure suit in addition to the other relief granted it by the decree, while as to appellees the decree only finds that they had already acquired, and then owned, a judgment which was a junior lien on the real estate upon which the mortgages were foreclosed, and fixed the priority of liens and ordered the payment of the surplus, if any, derived from the sale, after paying the costs of the suit and the judgment rendered in appellant's favor on the mortgage debt. The sale was made on appellant's order for execution and in pursuance of the decree in the foreclosure suit brought by it. On this state of facts, we hold that the sale in question was made on appellant's order in pursuance of the decree of foreclosure and primarily to pay and satisfy appellant's judgment obtained on the mortgage indebtedness and the costs of the suit; that the pro-

visions of the decree do not place appellees in such position as to make the sale theirs in the same sense that it is the sale of appellant, and that the effect of the provisions of the decree are not such as to deprive appellees of the statutory right of redemption, provided they have complied with the provisions of the statute. To so hold would be to render the statute meaningless. Cases cited by appellant to the effect that a party may not redeem from his own sale are not in conflict with this conclusion, for in all such cases brought to our attention the sale was made on the judgment or decree rendered in favor of the party who sought to redeem, while in the instant case the first sale was made on appellant's foreclosure decree, which only finds that appellees had previously acquired a judgment which was then a junior lien on the mortgaged premises, and fixed the priorities of all liens. *Davis* v. *Langsdale* (1872), 41 Ind. 399, 401.

The case most relied upon by appellant to support its contention, is that of *Horn* v. *Indianapolis Nat. Bank, supra,* and on page 394 of the opinion the distinction is recognized and clearly made as follows: "The appellee is clearly within the reason of the rule, and it is within the letter, for the judgment was entered in its favor as well as in favor of the other lien holders." As supporting our conclusion we cite: *Warford* v. *Sullivan* (1897), 147 Ind. 14, 21, 46 N. E. 27; *Luken* v. *Fickle* (1908), 42 Ind. App. 445, 458, 84 N. E. 561; *Hervey* v. *Krost* (1888), 116 Ind. 268, 277, 19 N. E. 125; *Becker* v. *Tell City Bank* (1895), 142 Ind. 99, 101, 41 N. E. 323.

The case of *Davis* v. *Langsdale, supra,* is on principle quite analogous to the one at bar, and the court sustained the right of redemption over objections similar to those of appellant, and among other things said: "The case is unlike that where a

sheriff has different executions in his hands in favor of different judgment plaintiffs, and sells on all the executions for the benefit of all the creditors. * * * Gay, having the first and paramount claim, could order the execution of the judgment, and direct the time and manner of it, within the requirements of the law, notwithstanding anything that Langsdale might or could do, and the sale, when made by his order, must, in consequence of the form of the judgment, be made for the benefit of Langsdale, so far as any surplus was concerned, after the payment of the amount due to Gay. It does not appear that Langsdale united in, or consented to, the sale, except by setting up his claim at the date of the judgment. This he was bound to do, having been made a party to the suit, or his lien would have been endangered, if not lost. * * * We cannot think that under the circumstances, the sale to Gay can, in any fair sense, be regarded as the sale of Langsdale, * * * although the surplus of the proceeds, after paying the claim of Gay, had there been any, might have been applied on his claim."

Having concluded that appellees had the right under the statute to redeem, it remains to be determined whether they so far complied with 3. its provisions as to make their attempt to redeem effective. On July 17, 1913, appellees filed with the clerk of the Allen Circuit Court, in whose office appellant's certificate of purchase, dated July 18, 1912, was duly recorded, a statement and affidavit in substance as follows: The undersigned states that as shown by the records of the Allen Circuit Court, appellant recovered judgment on May 9, 1912, against William and Elsie Bartenick, *et al.*, in cause No. 12,331; that appellant caused due process for the collection of said judgment to be issued to the sheriff of said county, and by virtue thereof on

July 18, 1912, "certain real estate, a description of which appears in the records of said cause," was sold to the Fort Wayne Builders Supply Company, in satisfaction of its said judgment; the sheriff's return of which sale is duly entered on execution docket O, p. 64 of the records of said court; that "no redemption has as yet been made by any person claiming to be the owner of the equity in said real estate, and the undersigned now claims the right to redeem said real estate from such sale * * * by reason of the following facts: They hold a judgment against said William Bartenick and Elsie Bartenick, dated May 9, 1912, in the sum of $285.28 * * *. That the undersigned now as such judgment lien holder, redeem from said sale and pay to the clerk of said court, the sum of $4,802.86 being the amount of said sale and interest thereon." The statement was signed by Henry Pfeiffer and sworn to before the clerk of the Allen Circuit Court.

The gist of the objections urged by appellant to the sufficiency of the affidavit is that it does not show the parties to the suit and that it refers to the judgment in the foreclosure suit and not to the original judgment obtained by appellees against Bartenick; that it shows an attempt to have another sale under the judgment rendered in the foreclosure suit. Over appellant's objection the court admitted in evidence the transcript of said original judgment which showed a judgment in appellees' favor for $248.08 against Bartenick. The court also received in evidence over appellant's objection the writ of *venditioni exponas* on which appellees' sale was made by the sheriff. Appellant shows in its brief that at the trial it was admitted that appellees paid to the clerk a sum sufficient to redeem the property from the foreclosure sale, and that appellant refused to accept the same. It was also ad-

mitted that both parties claim to derive title from William Bartenick by virtue of judicial sales and that he was the owner of the real estate when the judgment of foreclosure was rendered. It was also admitted that the sheriff received the writ of *venditioni exponas* on August 19, 1913, and after due advertisement sold the property to appellees on September 17, 1913, and on that day executed to them a deed for the real estate in controversy, which was duly delivered and recorded.

Statutes authorizing redemptions of real estate from judicial sales are remedial in character and while strictly construed to determine the

4. classes that come within their provisions, and the time for redemption, they are liberally construed to make them effective as to those who come within their provisions. *Hervey* v. *Krost, supra; Robertson* v. *Van Cleave* (1892), 129 Ind. 217, 224, 26 N. E. 899, 29 N. E. 781, 15 L. R. A. 68; *Davis* v. *Langsdale, supra; Green* v. *Stobo* (1889), 118 Ind. 332, 335, 20 N. E. 850; *Indianapolis, etc., Traction Co.* v. *Brennan* (1909), 174 Ind. 1, 17, 87 N. E. 215, 90 N. E. 65, 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85; *Deal* v. *Plass* (1915), 59 Ind. App. 185, 109 N. E. 51; *Cincinnati, etc., R. Co.* v. *Shera* (1905), 36 Ind. App. 315, 318, 75 N. E. 293. The affidavit of the redemptioner may be aided

3. by the contents of the instruments or public records mentioned or referred to therein. *Robertson* v. *Van Cleave, supra.* The affidavit is defective and irregular in not specifically referring to and describing the judgment obtained by appellees against Bartenick, and in giving the amount of the judgment with accrued interest as stated in the foreclosure decree instead of the date and amount as stated in the original judgment. The reference, however, to that suit and the decree, and to the

records of the court made in the affidavit is sufficient, when considered in connection with the facts directly stated in the affidavit to show a substantial compliance with the statute as against the objections urged by appellant. In the foreclosure decree, judgment is not rendered in appellees' favor, but the decree finds that appellees already held a valid unsatisfied judgment against the owner of the mortgaged premises, and as appellant obtained the decree and had its mortgage declared senior to such judgment of appellees, the reference in the affidavit was sufficient to advise it of appellees' intention to redeem and have the property sold to satisfy the judgment held by them against Bartenick.

It is important in this connection to observe that appellant admits the timely payment by appellees of the full amount necessary to redeem from 5. its sale, also that neither of the other junior lien holders nor the mortgagors are interposing any objection to the redemption by appellees. The policy of the law is to provide means by which the property of a debtor may go as far as possible toward the payment of his obligations, and as against the objections of a creditor who has received, or been tendered the full amount of his claim, the courts will apply the liberal rule of construction in favor of an attempted redemption which tends to accomplish this benign purpose of the law. The objections of appellant to the sufficiency of appellees' redemption affidavit, while showing inaccuracies and irregularities, are not sufficient to avoid the redemption, and it therefore follows that the other objections based on appellant's construction of the affidavit and redemption proceedings are likewise untenable and need not be further considered. *Davis v. Langsdale, supra; Hervey v. Krost, supra.* The

case seems to have been fairly tried on its merits and a correct result reached. No intervening error has been pointed out which deprived appellant of any substantial right. *Friebe* v. *Elder* (1914), 181 Ind. 597, 609, 105 N. E. 151. Judgment affirmed. Ibach, C. J., Caldwell, Moran, Shea and Hottel, JJ., concur.

NOTE.—Reported in 111 N. E. 192. As to right of redemption from mortgage, etc., sales, see 21 Am. St. 245. See, also, under (1) 27 Cyc 1788; (2) 27 Cyc 1797; (4) 27 Cyc 1800; (5) 27 Cyc 1835.