### METELMANN *v.* BUCHANAN ET AL.

[No. 15,174. Filed November 25, 1935.]

*Byron E. Bamber,* for appellant.

*Alvin B. Lowe, Schuyler C. Dwyer* and *John M. Stinson,* for appellees.

KIME, J.—This was a suit asking the foreclosure of a mortgage and was instituted by the bond holders instead of the mortgagee or trustee, First Trust & Savings Bank, which was in receivership at the time and was made party defendant.

Te appellant, originally a party plaintiff, who held three of these bonds, asked leave to be made a party defendant, which was done. Thereupon she filed an answer in three paragraphs, the first being a general denial; the second in the form of a cross-complaint, alleging that two of the bonds held by her matured prior to all of the other bonds sued upon and such earlier maturity entitled her to priority of payment, and the third paragraph was as to another bond held by her maturing later than the second above mentioned and later than some of those held by others. The cause was submitted to the court, who found for the plaintiffs on their complaint and against the appellant on her affirmative paragraph of answer: (1) that the mortgage should be foreclosed, and (2) that all of the bond holders share in the proceeds of the sale pro rata. The appellant filed a motion for a new trial which was overruled. The overruling of this motion is assigned as error here, the grounds therein being that the decision of the court was contrary to law and that it was not sustained by sufficient evidence.

The evidence is undisputed, a large portion of it having been stipulated by the parties.

It appears that the Spadzinskis were the owners of certain property which they mortgaged to the First Trust & Savings Bank of Hammond to secure the payment of $9,500.00 evidenced by bonds numbered 18102 and 18120 inclusive. These bonds were executed by the Spadzinskis and payable to the mortgagee or bearer. They were then sold by the bank and the appellant held 18106 and 18107, which were dated June 1, 1927, and

bore a maturity date of four years hence, to wit: July 1, 1931. Interest was defaulted as to all of the bonds, which was the basis of the foreclosure suit.

The body of the bonds was identical and recited that "............years after date for value received we promise to pay to First Trust & Savings Bank or bearer $............ . . . with interest thereon until maturity hereof at the rate of seven per cent per annum . . . with interest after maturity at the rate of eight per cent. . . . and attorneys' fees." Each bond contained the additional provision that upon default, payment of any of said interest coupons when due and in the case of any other breach contained in the mortgage deed, then, at the election of the bond holder, the principal sum and all interest accrued thereon shall be due and payable without notice.

It is contended by appellant that under the earlier maturity rule which has prevailed in this state since the first decided case that she is entitled to payment of these two bonds and that she should not be compelled to share pro rata with the holders of all of the other bonds. The appellees say that since the mortgage contains the covenant that "The mortgagors agree that upon failure to pay any interest or coupon notes at maturity, or taxes, assessments or insurance, then all of said mortgage debt shall, at mortgagee's option, become due and collectible; and shall be recoverable by a suit at law or by foreclosure hereof, or both, to the same extent as if the same had matured by express terms," that the pro rata rule should have been applied and the judgment of the trial court was correct.

There are three different rules prevailing in the various states of this country, namely, pro rata rule, prior assignment rule and prior maturity rule. By far the largest number of states follow the pro rata rule and it has been said many times by the courts that this is

the better rule and supported by the best reasoning, however, the Supreme Court early adopted the prior maturity rule in this state and it has been followed by that court and this court in all such cases.

The appellee has sought to distinguish some of these cases but close analysis of all the cases in Indiana lead to the inevitable conclusion that in a case such as this where the bonds are payable to bearer and have not been assigned, the prior maturity rule under the decisions of the Supreme Court must prevail. *State Bank* v. *Tweedy* (1874), 8 Blackf. 447, 46 Am. Dec. 486; *Stanley* v. *Beatty* (1853), 4 Ind. 134; *Hough* v. *Osborne* (1855), 7 Ind. 140; *Harris* v. *Harlan* (1860), 14 Ind. 439; *Murdock* v. *Ford* (1861), 17 Ind. 52; *Langsdale* v. *Mills* (1869), 32 Ind. 380; *Davis* v. *Langsdale* (1872), 41 Ind. 399; *Minor* v. *Hill* (1877), 58 Ind. 180, 26 Am. Rep. 71; *Peoples Sav. Bank* v. *Finney* (1878), 63 Ind. 460; *Doss* v. *Ditmars* (1880), 70 Ind. 451; *Gerber* v. *Sharp* (1880), 72 Ind. 553; *Carithers* v. *Stuart* (1882), 87 Ind. 425; *Parkhurst* v. *Watertown, etc., Co.* (1886), 107 Ind. 595, 8 N. E. 635; *Horn* v. *Bennett* (1893), 135 Ind. 158, 24 L. R. A. 800, 34 N. E. 321, 956. See exhaustive annotation on these three rules in 50 A. L. R. 543 to 584.

The judgment of the Porter Superior Court is contrary to law and is not sustained by any evidence. It is, therefore, reversed, with instructions to set aside the judgment and enter judgment in accordance with this opinion.